In the U.S. District Court for the
Western District of Washington

John W. Markham
    plaintiff

        v.

Dept. of the Army
Dr. Keith Havenstrite
    co-defendant

No ____

_____ FILED _____ LODGED
_____ RECEIVED

MAR 13 2025

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ____ DEPUTY

Pg. 1

Complaint to open a civil case:
    I had a federal employment contract
with the Dept. of the Army as a cardiac
perfusionist at Madigan Army Medical Center
in Ft. Lewis-McCord, Washington. This contract
was guaranteed for 15 years. The contract
began on 08-01-2007, & was illegally terminated
on 06-15-2009.
    Recently, I have been given a current
right to sue by the Defense Health Agency
& the Attorney General of Iowa. I have
included those documents.
    I had brought these matters as a
pro se litigant to the U.S. District Court
of Southern Iowa, then the 8th Circuit
Court of Appeals, which was dismissed
due to statute of limitations. I also
have evidence of attempting to deal with
these matters elsewhere.

next
page

3-7-'25

John W. Markham

In the 2nd District Court of the
Western District of Washington

John W. Markham
plaintiff

v.

Dept. of the Army
Dr. Keith Havenstrite
co-defendants

No.

ps. 2

Complaint to open a civil case:
    My claims on these matters are:
1) discrimination, 2) wrongful termination,
3) contract fraud, 4) theft of $27,403.00
& 5) defamation.
    My challenges to the statute of limitations
are as follows:
    1) From the very beginning, I had contacted
my contracting officer, Mr. Michael Foster, to
resolve these issues, on numerous occasions. Mr.
Foster did nothing. He did not inform me of
my rights, nor of the procedures necessary to
address these issues.
    2) Subsequently, I have spent years of
my life seeking contingent/pro bono legal
assistance from law firms, law school clinics,
legal aid clinics, government agencies, etc.
    3) Recently, the Defense Health Agency
has given me a current right to sue. I
have included these docs.    next →
                                ps. →

3-7-'25                          John Markham

I _____ District Court of the
Western District of Washington

John W. Markham
    plaintiff
        v.                          No.
Dept. of the Army
Dr. Keith Havenstrite                    pg. 3
    co-defendants

Complaint to open a civil case;

4) Recently, the Attorney General of Iowa
gave me a current right to sue. I have
included those docs.

5) As of November of 2023, I became
aware of new evidence that was obtained
by an Army CID investigation that
confirms my assertions. I spoke with a
Mr. Joshua Voight out of Davenport, IA,
who is affiliated with Army CID. I have
contact information for him.

6) In Corner Post, Inc. v. The Federal Reserve
Board of Governors, as decided on July of
2024 by the Supreme Court, the statute of
limitations has been effectively ~~lenient~~
lengthened on these types of federal cases.

7) There is no statute of limitations
for a civil remedy for the theft of $27,403.

8) The contract fraud itself should supersede
any regular statute of limitations.

next pg →

3-7-'25

John W. Markham

In the U.S. District Court for the
Western District of Washington

John W. Markham
    plaintiff

        v.

Dept. of the Army
Dr. Keith Havenstrite
    co-defendants

No.

p.4

Complaint to open a civil case

Consequently, I am seeking an amended lawsuit that will bring about a financial restitution to these matters in the amount of $20,000,000 dollars. I can provide a logical justification for that dollar amount.

It is my sincere hope that this court will consider these pleadings, allow me to proceed in forma pauperis & to appoint pro bono counsel to finally bring justice to these matters.

Respectfully submitted,

John W. Markham

John W. Markham

3-7-'25

**BRENNA BIRD**
ATTORNEY GENERAL

John Gish
SECTION CHIEF



**IOWA DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
VICTIM ASSISTANCE SECTION**

321 E. 12th Street
DES MOINES, IA 50319
Phone: 515-281-5044
Toll-Free: 800-373-5044
Fax: 515-281-8199
www.iowaattorneygeneral.gov

John Markham
4523 Sugar Pine Dr NE
Cedar Rapids, IA 52402

November 28, 2023

Re: Claim 240781
John Markham

Dear Mr. Markham:

This letter is in response to the application submitted to the Iowa Victim Assistance Section regarding an incident that occurred in Cedar Rapids, IA on 3/30/2010.

Eligibility is determined by Iowa Code and information from a third-party source, such as the investigating law enforcement agency. Unfortunately, based on the documentation available and limitations in the law, the Iowa Victim Assistance Section is unable to approve the application.

We are sorry for what you experienced on 3/30/2010. The decision is not a reflection on your victimization, injuries suffered, or costs incurred. Iowa law or administrative code did not allow approval of the application because:

- review of the claim indicates the applicant was not the victim of a compensable crime as defined in Iowa Code §915.80(2).

You have the right to appeal the decision by completing the enclosed appeal form. If you would like to exercise this right, please identify why you believe the decision should be reconsidered. Please sign the appeal form and **return it within thirty (30) days** of the date listed below. Appeals may be made to the attention of Section Chief, John Gish.

If charges were filed against an offender, you may pursue reimbursement in criminal court, as well as civil court in small claims through the county Clerk of Court, or a private attorney.

If you have questions about this decision, please contact Monica VandenBranden by calling 515-281-5044.

If you are interested in referrals for programs and resources that may be of assistance, please contact our office at 515-281-5044.

We regret not being able to assist you at this time.

Sincerely,

Lisa Bickelhaupt
Compensation and SAE Program Administrator

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

No: 24-2916

John W. Markham

Appellant

v.

United States Department of Defense

Appellee

---

Appeal from U.S. District Court for the Southern District of Iowa - Central
(4:24-cv-00027-SMR)

---

## ORDER

The petition for rehearing en banc is denied. The petition for rehearing by the panel is also denied.

December 04, 2024

Order Entered at the Direction of the Court:
Acting Clerk, U.S. Court of Appeals, Eighth Circuit.

---

/s/ Maureen W. Gornik

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

---

No: 24-2916

---

John W. Markham

Plaintiff - Appellant

v.

United States Department of Defense

Defendant - Appellee

---

Appeal from U.S. District Court for the Southern District of Iowa - Central
(4:24-cv-00027-SMR)

---

## JUDGMENT

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

This court has reviewed the original file of the United States District Court. It is ordered by the court that the judgment of the district court is summarily affirmed. See Eighth Circuit Rule 47A(a). The motion to proceed on appeal in forma pauperis filed by John W. Markham is granted. The motion for appointment of counsel is denied as moot.

October 30, 2024

Order Entered at the Direction of the Court:
Acting Clerk, U.S. Court of Appeals, Eighth Circuit.

---

/s/ Maureen W. Gornik

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| JOHN W. MARKHAM, | ) | Case No. 4:24-cv-00027-SMR-HCA |
| Plaintiff, | ) | |
| | ) | INITIAL REVIEW ORDER |
| v. | ) | |
| | ) | |
| LLOYD S. AUSTIN III, Secretary of the | ) | |
| United States Department of Defense, | ) | |
| Defendant. | ) | |

Plaintiff John W. Markham filed a letter with the Court stating that he wishes to appeal a decision by the United States Merit Service Protection Board ("MSPB"). [ECF No. 1]. He also seeks leave to proceed *in forma pauperis* and asks that the Court appoint him counsel. [ECF Nos. 2, 3]. The Court ordered Plaintiff to amend his Complaint, which he has done. [ECF Nos. 4, 6].

A district court may allow a party to begin a civil action "without prepayment of fees or security" if the party submits an affidavit that shows he or she cannot "pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Nevertheless, the Court "shall dismiss the case at any time" if it determines the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). *Pro se* filings are "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, a litigant's *pro se* status does not exempt them from the Federal Rules of Civil Procedure. *See Ellis v. City of Minneapolis*, 518 Fed. App'x 502, 504 (8th Cir. 2013) ("*Pro se* litigants must still allege sufficient facts to state a plausible claim for relief.").

1

The Amended Complaint brings claims for wrongful termination, theft, contract fraud, religious discrimination, and defamation. Plaintiff states that he is a cardiac perfusionist who worked under a contract with the Department of the Army. [ECF No. 6 at 1–2]. He avers his contract was "guaranteed for 15 years" but was terminated in its third year. *Id.* at 2. According to the Amended Complaint, this occurred in November 2009. *Id.*

Plaintiff claims that he had over $27,000 stolen from his bank account. *Id.* at 3. He acknowledges that the statute of limitations has expired for criminal prosecution of the culprit but he wishes to "seek[] a remedy in civil court." *Id.* Plaintiff believes this theft was "related" to his contract matters with Defendants but does not explain any further.

Plaintiff also brings a claim for contract fraud. He asserts that he previously requested a copy of his contract with Defendant but only received an "amended contract." *Id.* Plaintiff maintains that he never agreed to an amended contract, thus the document he obtained is evidence of contract fraud. *Id.* The Amended Complaint identifies a contracting officer who can allegedly substantiate his claims. No other information regarding the nature of the contract fraud, or Defendant's involvement with the fraud, are pled.

The Amended Complaint pleads a claim for defamation. The alleged defamatory statement was made by a specified doctor who Plaintiff claims "wrongfully terminated my contract, but also defamed me by stating that I had breached this contract by quitting." *Id.* at 3–4. Plaintiff asserts that this termination had the effect of ending his career. He contends that the official who drafted his dismissal letter can "attest that I did nothing illegal, unethical, incompetent, or insubordinate to warrant the loss of my contract." *Id.* at 4. At the conclusion of the Amended Complaint, Plaintiff concedes that "the statute of limitations is a concern" but avers that the severity of the alleged misconduct warrants the consideration of his claims. *Id.* at 5.

-2-

As Plaintiff acknowledges in the Amended Complaint, the facts giving rise to these allegations occurred well over ten years ago.  That alone warrants dismissal.  Furthermore, the factual pleadings are insufficient to proceed.  To state a claim upon which relief can be granted, Plaintiff must advance "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Plaintiff's allegations are conclusory and threadbare.  They also do not concern the conduct of Defendant. The Complaint fails to state a claim upon which relief can be granted.  Accordingly, this case is DISMISSED.  The motion for leave to proceed *in forma pauperis* is MOOT.  [ECF No. 2]. Plaintiff's Motion to Appoint Counsel is DENIED.  [ECF No. 3].

IT IS SO ORDERED.

Dated this 20th day of August, 2024.

STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA

John W. Markham

                                         **CIVIL NUMBER:  4:24-cv-00027-SMR-HCA**

               Plaintiff(s),

  v.                                 **JUDGMENT IN A CIVIL CASE**

Lloyd S. Austin, III, Secretary of the
United States Department of Defense

               Defendant(s),

☐ **JURY VERDICT.** This action came before the Court for trial by jury. The issues have been tried and the jury has rendered its verdict.

☑ **DECISION BY COURT.** This action came before the Court. The issues have been considered and a decision has been rendered.

### IT IS ORDERED AND ADJUDGED:

Complaint fails to state a claim upon which relief can be granted. Case dismissed. Judgment is entered in favor of Defendant and against Plaintiff.

Date: August 20, 2024

                                  CLERK, U.S. DISTRICT COURT

                                  /s/  M. Engelstad

                                  By: Deputy Clerk

**DEFENSE HEALTH AGENCY**
7700 ARLINGTON BOULEVARD, SUITE 5101
FALLS CHURCH, VIRGINIA  22042-5101

Equal Opportunity and
Diversity Management

28 December 2023

MEMORANDUM FOR  JOHN MARKHAM
                4523 Sugar Pine Dr NE
                Cedar Rapids, IA 52402-2221

FROM: DHA/EODM
      7700 Arlington Blvd., Suite 5101
      Falls Church, VA 22042-5104

SUBJECT:  Notice of Dismissal of Formal Complaint - Docket Number DHA 202412-0073

1. On 10 December 2023, you contacted the Defense Health Agency Equal Opportunity and Diversity Management (DHA/EODM) office to obtain pre-complainant counseling on the basis of religion.  Although the claim(s) giving rise to the complaint were also appealable to the Merit Systems Protection Board (MSPB), you elected to use mixed case complaint procedures under 29 C.F.R. § Part 1614.302.  The matter was not resolved during the pre-complaint stage.  You officially filed a formal complaint on 18 December 2023.

2. After reviewing the complaint for acceptability in accordance with 29 C.F.R. § 1614.107(a), we find the complaint is not appropriate for acceptance and investigation.  The following claim(s) are dismissed in accordance with 29 C.F.R. § 1614.107(a):

   A.  Was the complainant discriminated against on the basis of religion (Catholic) when Colonel Keith Havenstrite made derogatory anti-Catholic statements between 1 August 2007 through February 2008 which led to complainants' termination?

3. The rationale for dismissing 2A of your complaint is as follows:  According to 29 CFR 1614.107 (a) (2), Untimely Counseling Contact, an aggrieved person must contact a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.  According to 29 C.F.R. § 1614.107(a)(4), Appeal Made to MSPB, regulations provide that a covered individual may raise claims of discrimination in a mixed case either as a direct appeal to the MSPB or as a mixed case EEO complaint with the agency, but not both.  Whatever action the individual files first is considered an election to proceed in that forum.  According to 29 C.F.R. § 1614.107(a)(1), Failure to State a Claim, the complainant named the improper agency.

4. Please refer to your rights in the attached document and direct any questions or request for information regarding the EEO process or the processing of your complaint to Teri Shaw, EEO Manager, at teri.l.shaw.civ@health.mil.

FERGUSON.SON Digitally signed by
YA.Y.1061673632 FERGUSON.SONYA.Y.1061673
632
Date: 2023.12.28 15:30:32 -08'00'

SONYA Y. FERGUSON, CIV, DHA
Associate Director

Attachment:
Complainant's Rights

cc:
DHA/OGC

**Rights Associated with the Dismissal of this Complaint**

1. If you are dissatisfied with the decision, you may appeal to the MSPB, not EEOC, within 30 calendar days from receipt of this decision. Your appeal should be addressed to the Merit Systems Protection Board at:

> **U.S. Merit Systems Protection Board**
> **Western Regional Office**
> **1301 Clay Street, Suite 1380N**
> **Oakland, CA 94612-5217**

A copy of the appeal must be served simultaneously on the:

> **DHA Equal Opportunity and Diversity Management**
> **7700 Arlington Boulevard**
> **ATTN: EODM Director**
> **Falls Church, VA 22042**
> **Email: dha.eodm@health.mil**

and on the agency representative:

> **Melissa Dunkley**
> **Associate General Counsel**
> **Defense Health Agency**
> **melissa.a.dunkley.civ@health.mil**

2. In or attached to the appeal to MSPB, you must certify the date and method by which service was made to the DHA Equal Opportunity and Diversity Management (EODM) Division Director and the agency representative. After receipt of the MSPB's decision, you have the right to petition EEOC to review the MSPB's final decision on the discrimination issue.

3. You may file a civil action in the proper U.S. District Court:

    a.   Within 30 calendar days from receipt of the final agency decision if no appeal has been filed;

    b.   Within 30 calendar days of receipt of the final decision or action taken by the MSPB if a petition for consideration with the EEOC has not been filed;

    c.   Within 30 calendar days of receipt of notice that the Commission has determined not to consider the decision of the MSPB;

    d.   Within 30 calendar days of receipt of notice that the Commission concurs with the decision of the MSPB;

    e.   If the Commission issues a decision different from the decision of the MSPB, within 30 calendar days of receipt of the notice that the MSPB concurs in and adopts in whole the decision of the Commission; or

    f.   If the MSPB does not concur with the decision of the Commission and reaffirms its initial decision or reaffirms its initial decision with a revision, 30 calendar days of the receipt of notice of the decision of the Special Panel;

    g.   After 120 calendar days from the date of filing a formal complaint if there is no final action or appeal to the MSPB;

    h.   After 120 calendar days from the date of filing an appeal with the MSPB and the MSPB has not yet made a decision, or;

     i.    After 180 calendar days from the date of filing a petition for consideration with the Commission if there is no decision made by the Commission, reconsideration decision by the MSPB or decision by the Special Panel.

4. If you file a civil action under Title VII of the Civil Rights Act of 1964, as amended or the Rehabilitation Act of 1973, as amended, and you do not have, or are unable to obtain services of an attorney, you may request the court to appoint an attorney to represent you. In such circumstances as the court may deem just, the court may appoint an attorney and may authorize the commencement of the action without the payment of fees, costs, or security. Any such request must be made within the above referenced limits for filing suit and in such form and manner as the court may require.

5. You are further notified that if you file a civil action, you must name the appropriate Department or agency head as the defendant and provide his or her official title. DO NOT NAME JUST THE AGENY OR DEPARTMENT. Failure to name the head of the Department or Agency or to state his or her official title may result in the dismissal of the case. The appropriate agency is Department of Defense. **The head of the Department of Defense is Lloyd J. Austin III, Secretary of Defense.**

6. You are advised that copies of all correspondence must be served on the EODM Director and the agency representative. The docket number identified at the top of page 1 of this letter should be used on all correspondence.

SECTION SF 30 BLOCK 14 CONTINUATION PAGE

**SUMMARY OF CHANGES**

SECTION SF 1449 - CONTINUATION SHEET

SOLICITATION/CONTRACT FORM

    The total cost of this contract was decreased by $88,706.40 from $428,645.70 to $339,939.30.

    The 'administered by' organization has changed from
        WESTERN REGIONAL CONTRACTING OFFICE
        POC:  THOMAS A. LAMB
        9902 LINCOLN STREET
        253-968-4417
        TACOMA WA 98431
        to
        WESTERN REGIONAL CONTRACTING OFFICE
        POC: HEATHER BOWDEN
        9902 LINCOLN STREET
        253-968-5552
        TACOMA WA 98431

SUPPLIES OR SERVICES AND PRICES

    SUBCLIN 2001AA
        The pricing detail quantity has decreased by 1,104.00 from 1,840.00 to 736.00.
        The total cost of this line item has decreased by $88,706.40 from $147,844.00 to $59,137.60.

ACCOUNTING AND APPROPRIATION

Summary for the Payment Office

    As a result of this modification, the total funded amount for this document was decreased by $88,706.40 from $428,645.70 to $339,939.30.

SUBCLIN 200102:

    AD: 9790130188107474378477002565GWO2565N7T178W68MX39078N9G1T178N7005015 (CIN W68MX39078N9G1200102) was decreased by $88,706.40 from $147,844.00 to $59,137.60

  (End of Summary of Changes)



3-7-25

This contract is
entirely fraudulant.
The only thing that is
legitimate about this
contract is that it
contains the original
contract number, which
was my contract with
the Dept. of the Army
as a sole propriter.

John Markham

| AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT | | 1. CONTRACT ID CODE | | PAGE OF PAGES | |
|---|---|---|---|---|---|
| | | J | | 1 | 2 |

| 2. AMENDMENT/MODIFICATION NO. | 3. EFFECTIVE DATE | 4. REQUISITION/PURCHASE REQ. NO. | 5. PROJECT NO. (If applicable) |
|---|---|---|---|
| P00005 | 20-Jan-2010 | SEE SCHEDULE | |

| 6. ISSUED BY | CODE | W91YU0 | 7. ADMINISTERED BY (If other than item 6) | CODE | W91YU0 |
|---|---|---|---|---|---|
| WESTERN REGIONAL CONTRACTING OFFICE<br>MADIGAN ARMY MEDICAL CTR<br>9902 LINCOLN ST MAMC ANNEX<br>TACOMA WA 98431-1110 | | | WESTERN REGIONAL CONTRACTING OFFICE<br>POC: HEATHER BOWDEN<br>9902 LINCOLN STREET<br>253-968-5552<br>TACOMA WA 98431 | | |

| 8. NAME AND ADDRESS OF CONTRACTOR (No., Street, County, State and Zip Code) | | 9A. AMENDMENT OF SOLICITATION NO. |
|---|---|---|
| MARKHAM, JOHN W<br>CCR-HCAA-07/30/08<br>2820 PACIFIC HWY E RM 116<br>FIFE WA 98424-1021 | | |
| | | 9B. DATED (SEE ITEM 11) |
| | X | 10A. MOD. OF CONTRACT/ORDER NO.<br>W91YU0-07-C-0010 |
| CODE   43V43 | FACILITY CODE   43V43 | X | 10B. DATED (SEE ITEM 13)<br>31-Jul-2007 |

| 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS |
|---|

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offer ☐ is extended, ☐ is not extended.

Offer must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended by one of the following methods:
(a) By completing Items 8 and 15, and returning _____ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

| 12. ACCOUNTING AND APPROPRIATION DATA (If required) |
|---|
| **See Schedule** |

| 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS.<br>IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14. |
|---|

| | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
|---|---|
| | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(B). |
| X | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:<br>FAR 52.212-4(c) - Contract Terms and Conditions - Commercial Items |
| | D. OTHER (Specify type of modification and authority) |

E. IMPORTANT:  Contractor ☐ is not, ☒ is required to sign this document and return ___1___ copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)
  Modification Control Number:   da13c26103326
  A) The purpose of this modification is to decrease funds based on termination of this contract in accordance with FAR 52.249-12 – Termination (Personal Services) effective 11 December 2009 and to closeout this contract. The following CLIN action applies:

  CLIN 2001AA (FY09) is decreased by 1,104 hours in the amount of $88,706.40, changing the total amount from $147,844.00 to $59,137.60.

  B) All deliverables, including Contract Manpower Reports, are completed.

  C) This modification constitutes a full release and accord and satisfaction as to any and all demands, contractual or administrative, arising under or related to this task order. There are no exceptions or reservations to this full release and accord and satisfaction.

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print) | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print)<br>THOMAS A LAMB / CONTRACTING OFFICER |
|---|---|
| | TEL: 253-968-5269          EMAIL: thomas.a.lamb@us.army.mil |
| 15B. CONTRACTOR/OFFEROR | 15C. DATE SIGNED | 16B. UNITED STATES OF AMERICA | 16C. DATE SIGNED |
| | | BY _(signature)_ | 26-Jan-2010 |
| (Signature of person authorized to sign) | | (Signature of Contracting Officer) | |

| EXCEPTION TO SF 30<br>APPROVED BY OIRM 11-84 | 30-105-04 | STANDARD FORM 30 (Rev. 10-83)<br>Prescribed by GSA<br>FAR (48 CFR) 53.243 |
|---|---|---|

| AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT | 1. CONTRACT ID CODE J | PAGE OF PAGES 1    2 |
|---|---|---|

| 2. AMENDMENT/MODIFICATION NO. P00004 | 3. EFFECTIVE DATE 22-May-2009 | 4. REQUISITION/PURCHASE REQ. NO. SEE SCHEDULE | | 5. PROJECT NO. (If applicable) |
|---|---|---|---|---|

| 6. ISSUED BY                    CODE | W91YU0 | 7. ADMINISTERED BY (If other than item 6)    CODE | W91YU0 |
|---|---|---|---|
| WESTERN REGIONAL CONTRACTING OFFICE MADIGAN ARMY MEDICAL CTR 9902 LINCOLN ST  MAMC ANNEX TACOMA WA 98431-1110 | | WESTERN REGIONAL CONTRACTING OFFICE POC: THOMAS A. LAMB 9902 LINCOLN STREET 253-968-4417 TACOMA WA 98431 | |

| 8. NAME AND ADDRESS OF CONTRACTOR (No., Street, County, State and Zip Code) | | 9A. AMENDMENT OF SOLICITATION NO. |
|---|---|---|
| MARKHAM, JOHN W | | |
| 2820 PACIFIC HWY E RM 116 FIFE WA 98424-1021 | | 9B. DATED (SEE ITEM 11) |
| | X | 10A. MOD. OF CONTRACT/ORDER NO. W91YU0-07-C-0010 |
| CODE   43V43 | FACILITY CODE | 10B. DATED (SEE ITEM 13) |
| | X | 31-Jul-2007 |

**11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS**

| ☐ | The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offer | ☐ is extended, | ☐ is not extended. |
|---|---|---|---|

Offer must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended by one of the following methods:
(a) By completing Items 8 and 15, and returning _____ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

| 12. ACCOUNTING AND APPROPRIATION DATA (If required) **See Schedule** |
|---|

**13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS. IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.**

| | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
|---|---|
| | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(B). |
| X | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: FAR 52.212-4(c) Contract Terms and Conditions - Commercial Items |
| | D. OTHER (Specify type of modification and authority) |

| E. IMPORTANT:  Contractor | ☐ is not, | ☒ is required to sign this document and return    1    copies to the issuing office. |
|---|---|---|

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)
Modification Control Number:    da13s10096790

A) The purpose of this modification is to decrease funds based on actual hours used. The following CLIN action applies:

CLIN 0001AA (FY07) is decreased by .5 hours in the amount of $37.50, changing the total amount from $138,000.00 to $137,962.50.

B) All other terms and conditions remain unchanged.

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print) | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print) JOANNE FLETCHER / CONTRACTING OFFICER TEL: 253-968-4420    EMAIL: joanne.fletcher@us.army.mil |
|---|---|
| 15B. CONTRACTOR/OFFEROR | 15C. DATE SIGNED | 16B. UNITED STATES OF AMERICA | 16C. DATE SIGNED |
| | | BY   *JoAnne Fletcher* | 26-May-2009 |
| (Signature of person authorized to sign) | | (Signature of Contracting Officer) | |

| EXCEPTION TO SF 30 APPROVED BY OIRM 11-84 | 30-105-04 | STANDARD FORM 30 (Rev. 10-83) Prescribed by GSA FAR (48 CFR) 53.243 |
|---|---|---|

SECTION SF 30 BLOCK 14 CONTINUATION PAGE

**SUMMARY OF CHANGES**

SECTION SF 1449 - CONTINUATION SHEET

SOLICITATION/CONTRACT FORM

    The total cost of this contract was decreased by $37.50 from $428,683.20 to $428,645.70.

    The contractor organization has changed from

        JOHN W MARKHAM
        4523 SUGAR PINE DRIVE NE
        CEDAR RAPIDS IA 52402-2221
        to
        MARKHAM, JOHN W
        CCR-HCAA-07/30/08
        2820 PACIFIC HWY E RM 116
        FIFE WA 98424-1021

SUPPLIES OR SERVICES AND PRICES

    SUBCLIN 0001AA
      The pricing detail quantity has decreased by 0.50 from 1,840.00 to 1,839.50.
      The total cost of this line item has decreased by $37.50 from $138,000.00 to $137,962.50.

ACCOUNTING AND APPROPRIATION

Summary for the Payment Office

    As a result of this modification, the total funded amount for this document was decreased by $37.50 from $428,683.20 to $428,645.70.

SUBCLIN 0001AA:

    AA: 977013018810747437847700025GWO2562N7T178W68MX37073N7G1T178N7005015 (CIN W68MX37073N7G10001AA) was decreased by $37.50 from $138,000.00 to $137,962.50

(End of Summary of Changes)

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

| | 1. CONTRACT ID CODE | PAGE OF PAGES |
|---|---|---|
| | J | 1   2 |

| 2. AMENDMENT/MODIFICATION NO. | 3. EFFECTIVE DATE | 4. REQUISITION/PURCHASE REQ. NO. | 5. PROJECT NO. (If applicable) |
|---|---|---|---|
| P00004 | 22-May-2009 | SEE SCHEDULE | |

| 6. ISSUED BY | CODE | W91YU0 | 7. ADMINISTERED BY (If other than item 6) | CODE | W91YU0 |
|---|---|---|---|---|---|

6. ISSUED BY:
WESTERN REGIONAL CONTRACTING OFFICE
MADIGAN ARMY MEDICAL CTR
9902 LINCOLN ST  MAMC ANNEX
TACOMA WA 98431-1110

7. ADMINISTERED BY:
WESTERN REGIONAL CONTRACTING OFFICE
POC: THOMAS A. LAMB
9902 LINCOLN STREET
253-968-4417
TACOMA WA 98431

| 8. NAME AND ADDRESS OF CONTRACTOR (No., Street, County, State and Zip Code) | | 9A. AMENDMENT OF SOLICITATION NO. |
|---|---|---|
| MARKHAM, JOHN W<br><br>2820 PACIFIC HWY E RM 116<br>FIFE WA 98424-1021 | | |

| | 9B. DATED (SEE ITEM 11) |
|---|---|
| X | 10A. MOD. OF CONTRACT/ORDER NO.<br>W91YU0-07-C-0010 |
| | 10B. DATED (SEE ITEM 13) |
| X | 31-Jul-2007 |

| CODE  43V43 | FACILITY CODE |
|---|---|

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of offer ☐ is extended, ☐ is not extended.

Offer must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended by one of the following methods:
(a) By completing Items 8 and 15, and returning _____ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

## 12. ACCOUNTING AND APPROPRIATION DATA (If required)
**See Schedule**

## 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS. IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

| | |
|---|---|
| ☐ | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
| ☐ | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(B). |
| X | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:<br>FAR 52.212-4(c) Contract Terms and Conditions - Commercial Items |
| | D. OTHER (Specify type of modification and authority) |

E. IMPORTANT:  Contractor ☐ is not, ☒ is required to sign this document and return _____1_____ copies to the issuing office.

## 14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

Modification Control Number: da13s10096790

A) The purpose of this modification is to decrease funds based on actual hours used. The following CLIN action applies:

CLIN 0001AA (FY07) is decreased by .5 hours in the amount of $37.50, changing the total amount from $138,000.00 to $137,962.50.

B) All other terms and conditions remain unchanged.

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print) | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print) |
|---|---|
| | JOANNE FLETCHER / CONTRACTING OFFICER<br>TEL: 253-968-4420          EMAIL: joanne.fletcher@us.army.mil |

| 15B. CONTRACTOR/OFFEROR | 15C. DATE SIGNED | 16B. UNITED STATES OF AMERICA | 16C. DATE SIGNED |
|---|---|---|---|
| _____<br>(Signature of person authorized to sign) | | BY _Jo Anne Fletcher_____<br>(Signature of Contracting Officer) | 26-May-2009 |

| EXCEPTION TO SF 30 | 30-105-04 | STANDARD FORM 30 (Rev. 10-83) |
|---|---|---|
| APPROVED BY OIRM 11-84 | | Prescribed by GSA<br>FAR (48 CFR) 53.243 |

SECTION SF 30 BLOCK 14 CONTINUATION PAGE

**SUMMARY OF CHANGES**

SECTION SF 1449 - CONTINUATION SHEET

SOLICITATION/CONTRACT FORM

The total cost of this contract was decreased by $37.50 from $428,683.20 to $428,645.70.

The contractor organization has changed from

JOHN W MARKHAM
4523 SUGAR PINE DRIVE NE
CEDAR RAPIDS IA 52402-2221
to
MARKHAM, JOHN W
CCR-HCAA-07/30/08
2820 PACIFIC HWY E RM 116
FIFE WA 98424-1021

SUPPLIES OR SERVICES AND PRICES

SUBCLIN 0001AA
The pricing detail quantity has decreased by 0.50 from 1,840.00 to 1,839.50.
The total cost of this line item has decreased by $37.50 from $138,000.00 to $137,962.50.

ACCOUNTING AND APPROPRIATION

Summary for the Payment Office

As a result of this modification, the total funded amount for this document was decreased by $37.50 from $428,683.20 to $428,645.70.

SUBCLIN 0001AA:

AA: 9770130188107474378477002 5GWO2562N7T178W68MX37073N7G1T178N7005015 (CIN W68MX37073N7G10001AA) was decreased by $37.50 from $138,000.00 to $137,962.50

(End of Summary of Changes)

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

| | 1. CONTRACT ID CODE | PAGE OF PAGES | |
|---|---|---|---|
| | J | 1 | 3 |

| 2. AMENDMENT/MODIFICATION NO. | 3. EFFECTIVE DATE | 4. REQUISITION/PURCHASE REQ. NO. | 5. PROJECT NO. (If applicable) |
|---|---|---|---|
| P00001 | 02-Apr-2008 | SEE SCHEDULE | |

| 6. ISSUED BY | CODE | W91YU0 | 7. ADMINISTERED BY (If other than item 6) | CODE | W91YU0 |
|---|---|---|---|---|---|
| WESTERN REGIONAL CONTRACTING OFFICE<br>MADIGAN ARMY MEDICAL CTR<br>9902 LINCOLN ST  MAMC ANNEX<br>TACOMA WA 98431-1110 | | | WESTERN REGIONAL CONTRACTING OFFICE<br>POC: THOMAS A. LAMB<br>9902 LINCOLN STREET<br>253-968-4417<br>TACOMA WA 98431 | | |

| 8. NAME AND ADDRESS OF CONTRACTOR (No., Street, County, State and Zip Code) | | 9A. AMENDMENT OF SOLICITATION NO. |
|---|---|---|
| JOHN W MARKHAM<br><br>4523 SUGAR PINE DRIVE NE<br>CEDAR RAPIDS IA 52402-2221 | | |
| | | 9B. DATED (SEE ITEM 11) |
| | X | 10A. MOD. OF CONTRACT/ORDER NO.<br>W91YU0-07-C-0010 |
| CODE   43V43 | FACILITY CODE | 10B. DATED (SEE ITEM 13) |
| | X | 31-Jul-2007 |

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offer ☐ is extended, ☐ is not extended.

Offer must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended by one of the following methods:
(a) By completing Items 8 and 15, and returning _____ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

| 12. ACCOUNTING AND APPROPRIATION DATA (If required) |
|---|
| See Schedule |

## 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS. IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

| | |
|---|---|
| | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
| | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(B). |
| | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| X | D. OTHER (Specify type of modification and authority)<br>FAR 52.217-9 Option to Extend the Term of the Contract |

E. IMPORTANT:  Contractor ☒ is not, ☐ is required to sign this document and return _____ copies to the issuing office.

| 14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.) |
|---|
| Modification Control Number:   da13c15085173 |
| A)  The modification is issued to exercise the First Option Period from 1 August 2008 - 31 July 2009. |
| <br>B)  All other terms and conditions remain unchanged. |

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print) | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print) |
|---|---|
| | JOANNE FLETCHER / CONTRACTING OFFICER |
| | TEL:  253-968-4420    EMAIL:  joanne.fletcher@us.army.mil |

| 15B. CONTRACTOR/OFFEROR | 15C. DATE SIGNED | 16B. UNITED STATES OF AMERICA | 16C. DATE SIGNED |
|---|---|---|---|
| <br><br>_____<br>(Signature of person authorized to sign) | | BY *JoAnne Fletcher*<br>_____<br>(Signature of Contracting Officer) | 04-Apr-2008 |

| EXCEPTION TO SF 30<br>APPROVED BY OIRM 11-84 | 30-105-04 | STANDARD FORM 30 (Rev. 10-83)<br>Prescribed by GSA<br>FAR (48 CFR) 53.243 |
|---|---|---|

SECTION SF 30 BLOCK 14 CONTINUATION PAGE

**SUMMARY OF CHANGES**

SECTION SF 1449 - CONTINUATION SHEET

SOLICITATION/CONTRACT FORM

    The total cost of this contract was increased by $142,839.20 from $138,000.00 to $280,839.20.

SUPPLIES OR SERVICES AND PRICES

    SUBCLIN 1001AA
        The option status has changed from Option to Option Exercised.

    SUBCLIN 100101 is added as follows:

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 100101 | | | Hours | $0.00 | $0.00 |
| OPTION | Perfusionist Services | | | | |
| | FFP | | | | |
| | Exercise CLIN 1001AA, Option Period 1 (01 Aug 08 - 31 Jul 09) | | | | |
| | FOB: Destination | | | | |
| | PURCHASE REQUEST NUMBER: W68MX38080N8G1 | | | | |

                                    NET AMT           $0.00

    ACRN AB                               $0.00
    CIN: W68MX38080N8G10001

ACCOUNTING AND APPROPRIATION

Summary for the Payment Office

    As a result of this modification, the total funded amount for this document was increased by $142,839.20 from $138,000.00 to $280,839.20.

SUBCLIN 100101:
Funding on SUBCLIN 100101 is initiated as follows:

    ACRN: AB

    CIN: W68MX38080N8G10001

    Acctng Data: 97801301881074743784770025GWO2562N7T178W68MX38080N8G1T178N7005015

Increase: $0.00

Total: $0.00

SUBCLIN 1001AA:

AB: 9780130188107474378477002SGWO2562N7T178W68MX38080N8G1T178N7005015 (CIN W68MX38080N8G1001AA) was increased by $142,839.20 from $0.00 to $142,839.20
The contract ACRN AB has been added.
The CIN W68MX38080N8G1001AA has been added.

INSPECTION AND ACCEPTANCE

The following Acceptance/Inspection Schedule was added for SUBCLIN 100101:

| INSPECT AT | INSPECT BY | ACCEPT AT | ACCEPT BY |
|---|---|---|---|
| N/A | N/A | N/A | Government |

(End of Summary of Changes)

| SOLICITATION/CONTRACT/ORDER FOR COMMERCIAL ITEMS OFFEROR TO COMPLETE BLOCKS 12, 17, 23, 24, AND 30 | | 1. REQUISITION NUMBER SEE SCHEDULE | | PAGE 1 OF 35 | |
|---|---|---|---|---|---|
| 2. CONTRACT NO. W 91YU0-07-C-0010 | 3. AWARD/EFFECTIVE DATE 31-Jul-2007 | 4. ORDER NUMBER | 5. SOLICITATION NUMBER | | 6. SOLICITATION ISSUE DATE |
| 7. FOR SOLICITATION INFORMATION CALL: | a. NAME | | b. TELEPHONE NUMBER (No Collect Calls) | | 8. OFFER DUE DATE/LOCAL TIME |

**9. ISSUED BY** CODE W 91YU0

WESTERN REGIONAL CONTRACTING OFFICE
MADIGAN ARMY MEDICAL CTR
9902 LINCOLN ST MAMC ANNEX
TACOMA WA 98431-1110

TEL: 253-968-3907/3966
FAX: 253-968-4922

**10. THIS ACQUISITION IS**

[X] UNRESTRICTED

SET ASIDE:        % FOR

[ ] SMALL BUSINESS
[ ] HUBZONE SMALL BUSINESS
[ ] 8(A)

NAICS: 621399
SIZE STANDARD: 6.5 Million

**11. DELIVERY FOR FOB DESTINATION UNLESS BLOCK IS MARKED**
[ ] SEE SCHEDULE

**13a. THIS CONTRACT IS A RATED ORDER UNDER DPAS (15 CFR 700)**

**13b. RATING**

**14. METHOD OF SOLICITATION**
[ ] RFQ    [ ] IFB    [ ] RFP

**12. DISCOUNT TERMS**
Net 30 Days

---

**15. DELIVER TO** CODE

SEE SCHEDULE

**16. ADMINISTERED BY** CODE W 91YU0

WESTERN REGIONAL CONTRACTING OFFICE
POC :ROBBIN GOLDSBY
9902 LINCOLN STREET
253-968-4913
TACOMA WA 98431

---

**17a. CONTRACTOR/OFFEROR** CODE 43V43

JOHN W MARKHAM
.
4523 SUGAR PINE DRIVE NE
CEDAR RAPIDS IA 52402-2221

TEL. 312-420-3503    FACILITY CODE

**18a. PAYMENT WILL BE MADE BY** CODE HQ0302

DFAS ROME  (ARMY VENDOR PAY)
DFAS ROME (HQ0302)
325 BROOKS ROAD
ATTN: ROVP
ROME NY 13441-4527

[ ] **17b. CHECK IF REMITTANCE IS DIFFERENT AND PUT SUCH ADDRESS IN OFFER**

**18b. SUBMIT INVOICES TO ADDRESS SHOWN IN BLOCK 18a. UNLESS BLOCK BELOW IS CHECKED** [X] SEE ADDENDUM

---

| 19. ITEM NO. | 20. SCHEDULE OF SUPPLIES/SERVICES | 21. QUANTITY | 22. UNIT | 23. UNIT PRICE | 24. AMOUNT |
|---|---|---|---|---|---|
| | SEE SCHEDULE | | | | |

---

**25. ACCOUNTING AND APPROPRIATION DATA**

See Schedule

**26. TOTAL AWARD AMOUNT (For Govt. Use Only)**

$138,000.00

---

[ ] **27a. SOLICITATION INCORPORATES BY REFERENCE FAR 52.212-1. 52.212-4. FAR 52.212-3. 52.212-5 ARE ATTACHED.**    ADDENDA [ ] ARE [ ] ARE NOT ATTACHED

[ ] **27b. CONTRACT/PURCHASE ORDER INCORPORATES BY REFERENCE FAR 52.212-4. FAR 52.212-5 IS ATTACHED.**    ADDENDA [ ] ARE [ ] ARE NOT ATTACHED

**28. CONTRACTOR IS REQUIRED TO SIGN THIS DOCUMENT AND RETURN _____ COPIES**
[ ] TO ISSUING OFFICE. CONTRACTOR AGREES TO FURNISH AND DELIVER ALL ITEMS SET FORTH OR OTHERWISE IDENTIFIED ABOVE AND ON ANY ADDITIONAL SHEETS SUBJECT TO THE TERMS AND CONDITIONS SPECIFIED HEREIN.

**29. AWARD OF CONTRACT: REFERENCE**
[ ] OFFER DATED _____. YOUR OFFER ON SOLICITATION (BLOCK 5), INCLUDING ANY ADDITIONS OR CHANGES WHICH ARE SET FORTH HEREIN, IS ACCEPTED AS TO ITEMS:

---

**30a. SIGNATURE OF OFFEROR/CONTRACTOR**

**31a. UNITED STATES OF AMERICA  (SIGNATURE OF CONTRACTING OFFICER)**

*Jo Anne Fletcher*

**31c. DATE SIGNED**
31-Jul-2007

**30b. NAME AND TITLE OF SIGNER** (TYPE OR PRINT)

**30c. DATE SIGNED**

**31b. NAME OF CONTRACTING OFFICER** (TYPE OR PRINT)

JOANNE FLETCHER / CONTRACTING OFFICER

TEL: 253-968-4420        EMAIL: joanne.fletcher@us.army.mil

---

AUTHORIZED FOR LOCAL REPRODUCTION
PREVIOUS EDITION IS NOT USABLE

STANDARD FORM 1449 (REV 4/2002)
Prescribed by GSA
FAR (48 CFR) 53.212

| SOLICITATION/CONTRACT/ORDER FOR COMMERCIAL ITEMS (CONTINUED) | | PAGE 2 OF 35 |
|---|---|---|

| 19. ITEM NO. | 20. SCHEDULE OF SUPPLES/SERVICES | 21. QUANTITY | 22. UNIT | 23. UNIT PRICE | 24. AMOUNT |
|---|---|---|---|---|---|
| | SEE SCHEDULE | | | | |

32a. QUANTITY IN COLUMN 21 HAS BEEN

☐ RECEIVED  ☐ INSPECTED  ☐ ACCEPTED, AND CONFORMS TO THE CONTRACT, EXCEPT AS NOTED : _____

| 32b. SIGNATURE OF AUTHORIZED GOVERNMENT REPRESENTATIVE | 32c. DATE | 32d. PRINTED NAME AND TITLE OF AUTHORIZED GOVERNMENT REPRESENTATIVE |
|---|---|---|
| 32e. MAILING ADDRESS OF AUTHORIZED GOVERNMENT REPRESENTATIVE | | 32f. TELEPHONE NUMBER OF AUTHORIZED GOVERNMENT REPRESENTATIVE |
| | | 32g. E-MAIL OF AUTHORIZED GOVERNMENT REPRESENTATIVE |

| 33. SHIP NUMBER | 34. VOUCHER NUMBER | 35. AMOUNT VERIFIED CORRECT FOR | 36. PAYMENT | 37. CHECK NUMBER |
|---|---|---|---|---|
| ☐ PARTIAL ☐ FINAL | | | ☐ COMPLETE ☐ PARTIAL ☐ FINAL | |
| 38. S/R ACCOUNT NUMBER | 39. S/R VOUCHER NUMBER | 40. PAID BY | | |

| 41a. I CERTIFY THIS ACCOUNT IS CORRECT AND PROPER FOR PAYMENT | | 42a. RECEIVED BY (Print) |
|---|---|---|
| 41b. SIGNATURE AND TITLE OF CERTIFYING OFFICER | 41c. DATE | 42b. RECEIVED AT (Location) |
| | | 42c. DATE REC'D (YY/MM/DD) · 42d. TOTAL CONTAINERS |

AUTHORIZED FOR LOCAL REPRODUCTION
PREVIOUS EDITION IS NOT USABLE

STANDARD FORM 1449  (REV 4/2002)  BACK
Prescribed by GSA
FAR (48 CFR) 53.212

Section SF 1449 – CONTINUATION SHEET

| ITEM NO 0001 | SUPPLIES/SERVICES | QUANTITY | UNIT Hours | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|

Perfusionist Services-Base Year
FFP
For the period of on or about 1 August 2007 through 31 July 2008.
FOB : Destination
PURCHASE REQUEST NUMBER : PERFUSIONIST

|  |  |  |  | NET AMT | $0.00 |
|---|---|---|---|---|---|

| ITEM NO 0001AA | SUPPLIES/SERVICES | QUANTITY 1,840 | UNIT Hours | UNIT PRICE $75.00 | AMOUNT $138,000.00 |
|---|---|---|---|---|---|

Perfusionist Services
FFP
at Madigan Army Medical Center, Tacoma, WA, in accordance with the attached
Performance Work Statement. Services to commence on or about 1 August 2007
through 31 July 2008. Hours shown are estimated only.
FOB : Destination
PURCHASE REQUEST NUMBER : W68MX37073N7G1

|  |  |  |  | NET AMT | $138,000.00 |
|---|---|---|---|---|---|

ACRN AA                                                              $138,000.00
CIN : W68MX37073N7G10001AA

W 91Y U 0-07-C-0010

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---------|-------------------|----------|------|------------|--------|
| 0001AB | | 1 | Each | $0.00 | $0.00 NC |

Contracting Manpower Report
FFP
Contracting Manpower Report is required by the Secretary of the Army. See paragraph 9.0 of the Performance Work Statement. This report covers the period of on or about 1 August 2007 through 30 September 2007 and is due no later than 31 October 2007.
FOB : Destination
PURCHASE REQUEST NUMBER : W 68M X 37073N 7G 1

|  |  |  |
|--|--|--|
| | NET AMT | $0.00 |

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---------|-------------------|----------|------|------------|--------|
| 0001AC | | 1 | Each | $0.00 | $0.00 NC |

Contractor Manpower Report
FFP
Contracting Manpower Report is required by the Secretary of the Army. See paragraph 9.0 of the Performance Work Statement. This report covers the period of 1 October 2007 through 30 September 2008 and is due no later than 31 October 2008.
FOB : Destination
PURCHASE REQUEST NUMBER : W 68M X 37073N 7G 1

|  |  |  |
|--|--|--|
| | NET AMT | $0.00 |

W 91YU0-07-C-0010

Page 5 of 35

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---------|-------------------|----------|------|------------|--------|
| 1001 OPTION | | | | | |

Perfusionist Services-1st Option Year
FFP
1 August 2008 through 31 July 2009.
FOB: Destination
PURCHASE REQUEST NUMBER: PERFUSIONIST

|  |  |  |  | NET AMT | $0.00 |
|--|--|--|--|---------|-------|

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---------|-------------------|----------|------|------------|--------|
| 1001AA OPTION | | 1,840 | Hours | $77.63 | $142,839.20 |

Perfusionist Services
FFP
at Madigan Army Medical Center, Tacoma, WA, in accordance with the attached
Performance Work Statement. Services to commence on or about 1 August 2008
through 31 July 2009. Hours shown are estimated only.
FOB: Destination
PURCHASE REQUEST NUMBER: W68MX37073N7G1

|  |  |  |  | NET AMT | $142,839.20 |
|--|--|--|--|---------|-------------|

W 91Y U 0-07-C-0010

Page 6 of 35

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---------|-------------------|----------|------|------------|--------|
| 1001AB | Contract Manpower Report | 1 | Each | $0.00 | $0.00 NC |
| OPTION | | | | | |

FFP
Contracting Manpower Report is required by the Secretary of the Army. See paragraph 9.0 of the Performance Work Statement. This report covers the period of 1 October 2008 through 30 September 2009 and is due no later than 31 October 2009.
FOB : Destination
PURCHASE REQUEST NUMBER : W 68M X 37073N 7G 1

| | | NET AMT | $0.00 |
|---|---|---------|-------|

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---------|-------------------|----------|------|------------|--------|
| 2001 | Perfusionist Services-2nd Option Year | | | | |
| OPTION | | | | | |

FFP
for the period 1 August 2009 through 31 July 2010.
FOB : Destination
PURCHASE REQUEST NUMBER : PERFUSIONIST

| | | NET AMT | $0.00 |
|---|---|---------|-------|

W 91YU 0-07-C-0010

Page 7 of 35

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---------|-------------------|----------|------|------------|--------|
| 2001AA  |                   | 1,840    | Hours | $80.35    | $147,844.00 |
| OPTION  |                   |          |      |            |        |

Perfusionist Services
FFP
at Madigan Army Medical Center, Tacoma, WA, in accordance with the attached
Perform ance Work Statement. Services to commence 1 August 2009 through 31
July 2010. Hours shown are estimated only.
FOB: Destination
PURCHASE REQUEST NUMBER: W 68MX 37073N 7G 1

NET AMT                          $147,844.00

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---------|-------------------|----------|------|------------|--------|
| 2001AB  |                   | 1        | Each | $0.00      | $0.00 NC |
| OPTION  |                   |          |      |            |        |

Contract Manpower Report
FFP
Contracting Manpower Report is required by the Secretary of the Army. See
paragraph 9.0 of the Perform ance Work Statement. This report covers the period of
1 October 2009 through 31 July 2010 and is due no later than 31 October 2010.
FOB: Destination
PURCHASE REQUEST NUMBER: W 68MX 37073N 7G 1

NET AMT                          $0.00

PERFORMANCE WORK STATEMENT

PERFUSIONIST
PERFORMANCE WORK STATEMENT

1. GENERAL.

1.1. Description of Work:

1.1.1. The requirement is for personal services of one full time Perfusionist to provide services at Madigan Army
Medical Center, Tacoma, WA.

1.1.2. The Contractor shall perform  services under the control and general supervision of the Chief, Cardiothoracic
Surgery.

1.1.3. Award of this contract will be made to an individual health care provider (HCP). The terms "contractor" and
"HCP" refer to the individual receiving contract award and are used interchangeably in this document.

1.1.4. Performance Measures.

1.1.4.1. Outcome. The HCP shall provide general medical care at a standard enabling BACH to provide such services at a high level of quality.

1.1.4.2. Standards. Acceptable measures include: fill rate—98% ; substantiated patient complaints: max 2 per year; no physician initiated cancellations of treatment except as medically required by patient; only prescribing medication on the hospital formulary; no inappropriate prescriptions; compliance with hospital policy and procedures; complete documentation of patient records; timely patient follow-up when necessary; timely submission by the Contractor of required reports and documentation.

1.1.4.3. How measured. Department supervisory personnel will monitor provider performance through Government information systems and records, peer reviews, patient records, customer service information, contractor reports and time sheets.

1.2. Qualification Requirements:

1.2.1. The Perfusionist shall have completed an accredited internship.

1.2.2. The Perfusionist shall be Board Certified to practice clinical perfusion..

1.2.3. The Perfusionist shall obtain privileges at Madigan Army Medical Center.

1.2.4. The Perfusionist shall possess and maintain certification in Basic Life Support.

1.2.5 The Perfusionist shall meet Continuing Medical Education requirements.

1.2.6 The Perfusionist shall read, write and speak English well enough and enunciate with sufficient clarity to effectively communicate with patients and other healthcare providers.

1.2.7 The Perfusionist shall successfully pass a Criminal History Background Check.

1.3. Administrative Requirements:

1.3.1. Reserved.

1.3.2. Neither uniformed personnel nor Government civilian employees shall be used as a consultant or employee in matters related to this contract.

1.3.3. This contract conveys no privileges for access to the military exchange services, commissaries, clubs, or concessionaires.

1.3.4. Orientation and Training.

1.3.4.1. Prior to working, the HCP will be provided a Government paid orientation to familiarize him/her with the policies and procedures of the MTF. Orientation attendance is required and will be scheduled by the Contracting Officer's Representative (COR) or Department Chief during normal duty hours.

1.3.4.2. The HCP shall be knowledgeable of the policies and procedures of the HCP's specific place of duty and of the medical activity. The HCP shall ensure he/she receives any staff training required by the MTF as a precondition/condition to performance. Such training may include instruction on the following topics but is not limited to these subjects: automation processing; quality assurance policies; anti-terrorism , CBRNE (Chemical, Biological, Radiological, Nuclear Explosion), and HIPAA (Health Insurance Portability and Accountability Act)

training (all normally conducted online); and local in-service and safety briefings. This training shall be conducted during the scheduled shift of the HCP.

1.3.4.3. The Government may elect to provide specialty training to the HCP at Government expense, or make specialty training available in a non-paid status. If the HCP receiving training at government expense does not perform for the duration of the contract, unless sooner terminated by the Government, the HCP may be required to reimburse the Government a prorated portion of the training costs for the time the HCP does not perform as agreed. Such training agreements requiring a performance obligation will be designated by modification to the contract.

1.3.4.4. Patient Information Data Systems. The government will provide training to contract employees in the use of any system or procedure unique to Army MTFs that the contract employee is required to use, such as the Armed Forces Health Longitudinal Technology Application (AHLTA), Composite Health Care System (CHCS), Integrated Clinical Data Base (ICDB). Access to such patient data systems is an "Automated Data Processing Sensitive" position requiring compliance with AR 380-19 and AR 380-67. Refer to the Additional Information section "ADP Security Requirements" in this task order for further guidance.

1.3.5. Reports. In addition to any reports required in the task order, the Contractor shall submit other reports or information necessary to monitor contractor performance and elements pertinent to their credentials as requested by the COR or Contracting Officer. The Contractor shall also submit the Contractor Manpower Report, otherwise known as "Accounting for Contractor Services" as discussed elsewhere in this contract.

1.3.6. Safety. The HCP shall comply with all installation safety regulations. Such regulations include, but are not limited to, general safety, fire prevention, and waste disposal. Copies of these regulations are on file in the medical activity safety office or may be obtained through the COR.

1.3.7. Security.

1.3.7.1. The HCP shall comply with the local installation requirements for vehicle registration and operation on the military facility. Any vehicle operated by the HCP on the military installation must have the minimum liability coverage required by the state.

1.3.7.2. The HCP shall comply with installation and MTF personnel identification and access requirements. The HCP is responsible for absences due to expired identification and access documents.

1.3.7.3. The HCP shall be responsible for any keys issued by the Government for use in the MTF. The keys shall not be duplicated. The HCP shall be financially responsible for the replacement of any lost keys and any associated locks. Lost keys and/or padlocks shall be reported to the issuing party, Department Chief, or COR immediately upon recognition of the loss. No unauthorized personnel shall be allowed entry into the locked area. The HCP shall lock all areas for which the HCP possesses a key when the HCP is not using the area and at the close of the work period.

1.3.7.4. Safeguarding Material. The HCP shall be responsible for safeguarding all Government property provided for HCP use. The HCP shall safeguard information of a confidential or sensitive nature. The HCP shall not disclose or cause to be disseminated any information concerning the operation of the MTF that could result in or increase the likelihood of the possibility of breach of security or interrupt the continuity of operations or which breach the requirements of the Federal Privacy Act of 1974, except as authorized by the Contracting Officer or as required by law (e.g., testimony in court or at a deposition).

1.3.8. Health. The HCP shall comply with the health and immunization requirements as stated in the Additional Instructions section "Health and Immunization Requirements" of this contract at the time of initial request for clinical privileges and annually thereafter. The expense for all physical examinations to comply with the health requirements shall be borne by the HCP at no additional cost to the Government.

1.3.9. Miscellaneous Costs.

1.3.9.1. This contract may Contract Line Item Numbers (CLINS) for miscellaneous costs, or these may be added by bilateral modification after award to allow for any optional provisions contained in this order (i.e. government-paid training). These CLINS are designed for non-routine costs related to performance under this contract. The contracting office reserves the right to have the Defense Contracting Audit Agency (DCAA) audit invoices submitted by the contractor for costs associated with these CLINS. All requests for reimbursements are subject to the provisions contained in FAR Subparts 31.205-35, 31.205-45, and 31.205-46 specifically, and other FAR provisions that may apply.

1.3.9.2. The funding limits specified in these CLINS may not be exceeded without prior approval from the contracting officer. Exceeding these limits without prior approval from the contracting officer may result in the contractor not receiving reimbursement by the government for any costs exceeding the specified limits.

1.3.9.3. Unless otherwise specified in the contract, the contractor shall furnish at least two quotes from companies providing the required services for each cost item. If the company providing the higher quote is selected by the contractor to provide the service, the contractor must document the reasons for this decision to the contracting officer. Normally the lowest quote is the amount that the Government will reimburse, unless the contracting officer approves the higher quote prior to the contractor requesting service.

1.3.9.4. The government may use the Miscellaneous Costs CLINS when it deems necessary. The following examples are illustrative of such uses: transportation, shipping, sign-on bonus, retention bonus, temporary duty costs and government-provided training costs.

1.3.9.5. Miscellaneous Costs CLINS are not subject to the application of overhead or profit. Reimbursement costs are limited to actual costs incurred. Lodging and meals claimed are subject to the limitations established by the Joint Federal Travel Regulation for the location of performance. The days of travel are reimbursed at 75% of the applicable JFTR rate. Travel cost reimbursement is limited to coach fare, unless approval is obtained from the Contracting Officer prior to ticket purchase. Rental car costs are limited to economy size vehicles. Gas is reimbursed only for vehicle usage in and around the performance location (including the military facility and adjacent community). Fuel costs for travel away from the location (for example, site-seeing on off-duty time) is not reimbursable. JFTR rates are available at https://secureapp2.hqda.pentagon.mil/perdiem/pdrates.html (select Per Diem Rates).

1.3.10. Contracting Officer's Representative (COR). The COR will be appointed in writing by the Contracting Officer after the contract is awarded. The Contracting Officer will provide a copy of this designation and COR contact information to the Contractor.

## 1.4. HOURS OF PERFORMANCE

1.4.1. The Perfusionist will generally provide services between the hours of 0730 – 1630, except on days of surgery which will be dictated by patient needs. A 1-hour unpaid lunch break and two 15-minute breaks will be given during the shift as determined by the supervisor. This will be contingent upon patient and operative needs. Work shall normally be performed five days a week for approximately 40 hours, Monday through Friday (excluding Federal Holidays). The contractor shall only bill for hours worked. The perfusion will upon occasion be the sole perfusionist.

1.4.1.1. On Call: The Perfusionist will alternate call with other assigned perfusionists. "Call" will be taken one week at a time and begin at the conclusion of the normal work day on Monday and continue through the following Monday, when call is relinquished. The frequency of call will be dictated by the number of perfusionists assigned to the hospital, but will generally be every second or third week. The Perfusionist shall carry a Government-provided pager and shall return to the hospital within 30 minutes of receiving a call-back. Call and call-back shall be provided at no additional cost to the Government. Hours worked while on call and call-back are not considered within the number of hours shown in the schedule.

1.4.1.2. Overtime: The Perfusionist shall work overtime when involved in a case that extends beyond the normal duty hours as shown in 1.4.1 above. With the exception of the final two weeks of the contract the Perfusionist shall not receive a monetary sum for overtime worked but shall be "compensated" by taking a like amount of compensatory time off (i.e., 1 hour of overtime worked = 1 hour of compensatory time off). All compensatory time shall be coordinated with the Chief, Cardiothoracic Surgery and shall be taken within two weeks of any overtime worked. In no event will compensatory time accrue beyond a two week period. During the final two weeks of each contract period the Perfusionist will be paid at the regular hourly rate for any overtime worked.

1.4.2 Reserved.

1.4.3. Absences

1.4.3.1. Scheduled Absences: Up to 160 hours of unpaid absence per year, for any reason, is allowed. All planned absences must be approved by the Chief, Cardiothoracic Surgery or his designee six (6) weeks in advance.

1.4.3.2. Unscheduled Absences: Unscheduled absences shall be called in to the COR and/or his designated representative by the contract HCP immediately, but no later than the first hour of each duty day that he/she is unable to report to work.

1.4.3.3. Closures. During anticipated or unanticipated clinic closures, the contractor will only be paid for hours actually worked.

1.4.5. Organizational Activities. During organizational activities the clinic/facility may close for normal operations and contractor services may not be required. The Contract HCP is not authorized to participate in accordance with MEDCOM Regulation 715-3, paragraph 9.n except during authorized meal times or if a specific waiver is granted by the Commander, MEDCOM.

1.4.6. Holidays.

1.4.6.1. The following is a list of legal federal holidays as referred to elsewhere in the contract.

New Year's Day, January 1st
Martin Luther King's Birthday, 3rd Monday in January
President's Day, 3rd Monday in February
Memorial Day, Last Monday in May
Independence Day, July 4th
Labor Day, 1st Monday in September
Columbus Day, 2nd Monday in October
Veteran's Day, November 11th
Thanksgiving Day, 4th Thursday in November
Christmas Day, December 25th

NOTE: Any of the above holidays falling on a Saturday will be observed on the preceding Friday; holidays falling on a Sunday will be observed on the following Monday.

1.4.6.2. The military may designate a weekday as a training holiday if doing so would provide a four-day holiday weekend (e.g., Thanksgiving weekend, Friday is usually a military training holiday). This may result in the closure of some clinics or departments, negating the need for contractor services on such days.

1.5. CONDUCT.

1.5.1. The HCP shall record the time worked according to procedures determined by the MTF.

1.5.2. The chief of the department where services are being performed, or his/her representative, will define the scope of practice. The HCP shall not introduce new procedures or services without prior approval of the Department Chief or representative. In disagreements or deviations from established or new protocols, the Department Chief, or representative, will be the deciding authority.

1.5.3. The HCP shall comply with MTF policies regarding personal appearance and conduct.

1.5.4. The HCP shall abide by federal and local MTF regulations and requirements concerning the nature of limited privileged communication between patients and the HCP as may be necessary for security and personnel reliability programs. The HCP shall also abide by federal and local MTF regulations concerning the confidentiality of patient records, as embodied in federal statutes including the Privacy Act of 1974 and the Health Insurance Portability & Accountability Act of 1996. All regulations referenced are available for review from the COR, MTF, or the Contracting Officer. All medical records and reports will remain the property of the Government.

1.5.5. The HCP shall abide by MTF bylaws, JCAHO, DoD and Medical Department regulations with regard to Utilization Review and Quality Assurance directives, including, but not limited to, in-service training, maintenance of records, perform ance evaluation, and release of medical information.

1.5.6. The HCP shall make use of all appropriate equipment; supplies and services made available by the Government and shall make referrals and seek consultations, as deemed necessary, for the optimal care of the patients.

1.5.7. Impaired Contract HCPs.

1.5.7.1. At any time during the perform ance of this contract, the Contracting Officer, COR, or the department Chief may direct the removal of the HCP if the HCP's actions or impaired state raises reasonable suspicion that clear and present danger of physical harm exists to a patient, other contract HCPs, Government personnel or to the impaired individual. This provision will be used in emergency situations only and not for the purpose of addressing perform ance issues or other non-urgent concerns. The COR or HCP's supervisor may request the HCP believed to be impaired to submit to Government provided drug/alcohol testing. If the HCP refuses such testing, this may be grounds for the Government to terminate the contract.

1.5.7.2. If a removal occurs, the HCP will formally meet with the COR and/or other hospital management personnel at a later time determined by the Government to discuss further action in accordance with the MTF Quality Assurance and Inspection (QA & I) Plan. A review of the basis for removal will be made by the Contracting Officer and the COR within 3 working days. The HCP will not perform under this contract until a final determination is made regarding continued perform ance of the contract.

1.5.7.3. If, after any investigation deemed necessary by Government representatives and discussions with the HCP, the COR and Contracting Officer conclude that the HCP's impairment requires permanent removal from perform ance under the contract, the Contracting Officer will terminate the contract. In the event of disagreements between the Government and the HCP concerning matters of impairment, the decision of the Contracting Officer will be final.

1.5.8. Inquiries. The Contract shall not respond to any media inquiries. Any inquiries from the media shall be immediately relayed to the COR, who will relay them to the MTF Commander. There shall be no interviews, comments, or any other response without the knowledge and approval of the MTF Commander. Other than routine inquiries from external agencies, all other inquiries and complaints shall be brought to the attention of the HCP's Government supervisor.

1.6. Conflict of Interest:

1.6.1. The HCP shall not bill the patient for services rendered under this contract. The HCP is prohibited from receiving compensation of any kind for patients treated, procedures performed, or any other actions performed, except under the terms and conditions of this contract, at the rate specified.

1.6.2. The HCP shall not recommend or suggest to persons authorized to receive medical care at Army expense that they receive medical care from the HCP when the HCP is not on duty, from a civilian associate in practice with the HCP, or medical treatment facility associated with the HCP unless medical care will be furnished without cost to the patient, the Government or any other person or firm. The HCP is not prohibited, by reason of employment under this contract, from conducting a private practice. Private practice shall not conflict with the performance of duties under the contract and the HCP shall not make use of any Government facilities or other Government property in connection therewith.

1.6.3. The HCP shall not use patient care rendered pursuant to this contract as part of a study, research project, or publication unless the project is specifically approved through the Institutional Review Board at BACH.

1.6.4. Confidentiality of Information. Unless otherwise specified, all financial, statistical, personnel, and/or technical data which is furnished, produced or otherwise available to the HCP during the performance of this contract are considered confidential business information and shall not be used for purposes other than performance of work under this contract. None of the above information shall be released by the HCP without prior written consent of the COR.

1.7. Credential Review /Privileging:

NOTE: Upon award of task order the contractor shall immediately contact the Credentials office or COR as outlined below . Contractor shall notify the administering contract specialist within two working days of award of task order that such contact has been made and that the contractor understands the submission requirements.

1.7.1. The MTF Commander must grant privileges to the HCP for whom privileging is required prior to the HCP providing any services. The privileging process shall be in accordance with all requirements in ARs 40-66 and 40-68, as amended. The privileges granted by the MTF will be sufficient to allow for performance of all specific tasks identified in this contract. Information on the credentialing/privileging process is contained in chapter 4 of AR 40-68 . Any failure to meet these requirements is considered nonperformance and the basis for termination for cause.

1.7.2. Credentialing/Privileging Process.

1.7.2.1. The Credentials Office at Madigan Army Medical Center will provide an instruction packet containing forms and a detailed listing of required documentation. It is the Contractor's responsibility to contact the Credentials Management Coordinator at (253) 968-2252 or the Credentials Assistant at (253) 968-3162 and request a package and appropriate Delineation of Privileges form .

1.7.2.2. The HCP is responsible for completing the entire credentials packet and returning it in hard copy form at no less than 30 days prior to start of services unless otherwise specified by the Contracting Officer. Fax copies are NOT acceptable unless approved in advance by the Credentials office. DO NOT submit an incomplete package without first coordinating with the Credentials Office. The MTF will not assist the contractor in obtaining any needed information. Additionally, the HCP shall provide all necessary information. Incomplete packages delay the credentialing process resulting in delay of the providers start date.

1.7.2.3. Prime Source Verification is the responsibility of the Madigan Army Medical Center (MAMC) Credentials Office. The Credentials Office shall obtain either an original letter from the educational institution or certifying body attesting to the successful completion of specialty training or certification. Attestation of telephonic verification on MAMC letterhead is also acceptable and shall reflect the following information:

    Date of verification
    Name of individual and agency contacted

City, State, Phone Number and verification made (i.e., degree (type and dates)
Internship (type and dates)
Residency (name and dates of specific program )
Fellowship (name and dates of specific program
Board certification (date certified and expiration date if applicable)
Licensure/certification/registration (current, inactive, expired) to include date granted, expiration date and confirmation that the licensure/certification/registration is in good standing.

1.7.2.4. The Contractor shall verify successful credentialing/privileging with the Credentials office prior to commencement of performance.

1.7.2.5. The Contractor shall, on a continuing basis, verify all information submitted to MAMC for the purpose of credentialing/privileging. During the term of the contract, the HCP shall notify the Credentials office upon becoming aware of any information that may compromise the provider's credentials at MAMC. This includes, but is not limited to, information linking the provider with chemical dependency, a felony or malpractice. The information will be reviewed by the Credentialing Committee and may result in the rescinding of privileges.

1.7.2.6. For HCP information, the credentialing committee meets periodically throughout the month, usually weekly on Thursday morning. Prior to documents appearing before the committee, they must be reviewed by various departments. In order for the committee to consider submissions on the date scheduled, the HCP must submit accurate, completed packets by the time specified in the contract. Documents cannot arrive in the credentials office the day before the board meets and be expected to be presented to the board.

1.7.3. The HCP shall not within 5 years prior to employment:

1.7.3.1. Have had his/her clinical privileges limited, suspended, or revoked by any healthcare facility, public or private, anywhere in the world.

1.7.3.1.1. This prohibition does not apply to any individual whose clinical privileges, although originally limited, suspended or revoked by a healthcare facility were subsequently fully reinstated by the healthcare facility.

1.7.3.1.2. Limitation of clinical privileges, as used in this paragraph, refers to a partial withdrawal/reduction of clinical privileges as a result of a determination that or pending investigation to determine whether an individual has engaged in unprofessional conduct or substandard medical practice or is incompetent to perform certain medical practices.

1.7.3.2. Is the subject of a current or pending hearing or appeal brought by any healthcare facility, public or private, anywhere in the world, which may result in the limitation, suspension, or revocation of the individual's clinical privileges.

1.7.4. The MTF Commander is the sole authority that can revoke or otherwise restrict the privileges of any contract HCP who he/she determines is not qualified to perform the contract services.

1.7.5. Once privileges are granted, subsequent actions taken concerning the privileges of the contract HCP, including any limitation on privileges, will be governed by the procedures in AR 40-68. Action that suspends, revokes, places in abeyance, or otherwise restricts the privileges of the contract HCP results in that contract HCP not being authorized to perform under the contract. Such action does not excuse the HCP from performing.

1.7.6. Adverse actions on contract HCP privileges, once the Commander takes action, may be appealed locally by the contract HCP under the provisions of AR 40-68, but may not be appealed by the contractor.

1.8. PROFESSIONAL LIABILITY.

1.8.1. This is a personal services contract. The HCP is subject to supervision and direction of designated Government officials, and will work within the same employer-employee relationship that exists for Government employees. Malpractice allegations against the HCP based upon performance of this contract will be processed in accordance with Government policy for allegations against its own employees. The Government is a self-insurer for malpractice liability. The HCP is not required to carry malpractice insurance, and the Government will not reimburse or otherwise pay for such insurance should any be purchased.

1.8.2. Responsibility and Procedures.

1.8.2.1. If any suit or action is filed or any claim is made against the HCP which occurred as a result of work performed by the HCP under this contract, the HCP shall immediately notify the Contracting Officer and the department chief and promptly furnish them copies of all pertinent papers received.

1.8.2.2. The HCP shall cooperate with the Government, without further compensation, in the processing, review, settlement, or defense of the suit, action, or claim; and authorize Government representatives to settle or defend the claim and to represent the HCP in, or take charge of, any litigation involved in such action. The HCP may, at the HCP's own expense, participate in defense of such claim or litigation.

1.9. QUALITY MANAGEMENT.

1.9.1. Quality Control Plan (QC): The contractor is required to follow the current QC program in place at the MTF to ensure that the medical services are provided at a level of quality that meets MTF standards.

1.9.2. Quality Assessment and Improvement (QA & I). The Government will monitor the contractor's performance under this contract using the QA & I procedures established by the medical activity and pursuant to the Contract Terms and Conditions – Commercial Items, Inspection/Acceptance clause. Additionally, the contractor's performance is subject to scheduled and unscheduled review by the QA & I Committee as defined by the medical activity Quality Assurance (QA) Plan and AR 40-68.

1.10. Contractor Representative:

1.10.1. Since this is a contract with an individual, no further contractor representation is required.

1.10.2. The HCP shall meet with the COR as needed to discuss any problems that may arise during the performance of this contract. Problems not resolved between the HCP and the COR will be referred to the contracting officer for resolution.

2. DEFINITIONS/ACRONYMS.

2.1. DEFINITIONS. Following is a list of basic definitions.

2.1.1. ANCILLARY PERSONNEL: This includes all HCPs with the exception of Medical Doctors (MD) and Doctors of Osteopathy (DO).

2.1.2. BACKUP PERSONNEL: Pre-approved contract HCPs designated to move into the position of the primary contract HCP to perform required services for the duration of his/her absence.

2.1.3. BENEFICIARIES OF THE MILITARY HEALTHCARE SYSTEM. Those individuals entitled to care at the MTF in accordance with AR 40-3.

2.1.4. CLINICAL PRIVILEGES: Authorization by the government to provide specific patient care and treatment services in the organization, within well defined limits, based on the individual's license, education, training, experience, competence, judgment and physical and mental health.

2.1.5. COMPOSITE HEALTHCARE SYSTEM (CHCS): An automated medical information system which will provide integrated support for the functional work centers of inpatient and outpatient care facilities, patient administration, patient appointments and scheduling, nursing, laboratory, pharmacy, radiology, and clinical dietetics.

2.1.6. CONTRACTING OFFICER: A person with the authority to enter into, administers, and/or terminates contracts/contracts and makes related determinations and findings.

2.1.7. CONTRACTING OFFICERS REPRESENTATIVE (COR): A government employee selected and designated in writing by the Contracting Officer to act as his/her designated representative in administering a contract.

2.1.8. FILL RATE: Ratio of hours (or shifts, as specified in the CLIN) ordered divided by hours (or shifts) worked. Scheduled absences authorized per contract terms are excluded from fill rate calculations.

2.1.9. NEW CONTRACT HCP. A new contract HCP for purposes of accreditation includes contract HCPs under new contracts, including contract HCPs previously accredited Troop Care or Technical Expert status under other contracts; new applicants proposed for hire; and contract HCPs who changed positions within the same contract. Contract HCPs shall work full-time, principal duties shall be troop care or technical expert qualifying duties, and said contract HCPs shall serve the U.S. Forces exclusively in order to be granted Troop Care or Technical Expert status.

2.1.10. ORDERING CONTRACTING OFFICER. A Contracting Officer designated to place contracts against an existing contract.

2.1.11. PHYSICIAN: Medical healthcare providers possessing a doctorate degree as a Medical Doctor (M.D.) or Doctor of Osteopathy (D.O.).

2.1.12. PRIVILEGING PROCESS: Process established by the MTF and AR 40-68 for granting clinical privileges to HCPs.

2.1.13. QUALITY ASSESSMENT AND IMPROVEMENT. Those actions taken by the Government to check services to determine if they meet the requirements of the JCAHO, U.S. Army Medical Command, quality assurance and risk management program, and ensure that the contract HCPs comply with the terms and conditions of the contract.

2.1.14. QUALITY CONTROL. Those actions taken by a contractor to control the performance of services to ensure that they meet the requirements of the contract.

2.1.15. REPLACEMENT PERSONNEL: Contract HCPs selected to fill a position for the duration of the contract period that was previously occupied by another contract HCP.

2.1.16. TRICARE: A regionalized, tri-service, contractor-supported, DoD-managed healthcare system.

2.2. ACRONYMS/ABBREVIATIONS. Following is a list of basic acronyms/abbreviations used in this contract.

| | | |
|---|---|---|
| ADP | – | Automated Data Processing |
| AR | – | Army Regulation |
| BCLS | – | Basic Cardiac Life Support. |
| BLS | – | Basic Life Support |
| CFR | – | Code of Federal Regulations |
| CHAMPUS | – | Civilian Health and Medical Program of the Uniformed Services |
| CHCS | – | Composite Health Care System |
| CLIN | – | Contract Line Item Number |
| CME | – | Continuing Medical Education |

| | | |
|---|---|---|
| CONUS | – | Continental United States |
| COR | – | Contracting Officer's Representative |
| CPR | – | Cardiopulmonary Resuscitation |
| DA | – | Department of the Army |
| DCCS | – | Deputy Commander for Clinical Services |
| DEA | – | Drug Enforcement Administration |
| DoD | – | Department of Defense |
| DODI | – | Department of Defense Instruction |
| ECFMG | – | Educational Commission for Foreign Medical Graduates |
| EFT | – | Electronic Funds Transfer |
| EKG | – | Electrocardiogram |
| FAR | – | Federal Acquisition Regulation |
| FBI | – | Federal Bureau of Investigation |
| FL | – | Form Letter |
| FTE | – | Full Time Equivalent |
| HCP | – | Healthcare Provider |
| HIPAA | – | Health Insurance Portability & Accountability Act of 1996 |
| IRC | – | Installation Record Check |
| MCC | – | MEDCOM Contracting Center |
| MEDCOM | – | Medical Command |
| IV | – | Intravenous |
| JCAHO | – | Joint Commission on Accreditation of Healthcare Organizations |
| LOSS | – | Line of Sight Supervision |
| KO | – | Contracting Officer. |
| MEDDAC | – | Medical Department Activity |
| MTF | – | Medical Treatment Facility |
| NACI | – | National Agency Check with Inquiries |
| NCOIC | – | Noncommissioned Officer in Charge |
| OCONUS | – | Outside the Continental United States |
| OIC | – | Officer in Charge |
| OSHA | – | Occupational Safety and Health Administration |
| PAD | – | Patient Administration Division |
| Pam | – | Pamphlet |
| PAR | – | Performance Assessment Report |
| PBWS | – | Performance Based Work Statement |
| PCF | – | Practitioner's Credentials File |
| PCO | – | Procurement Contracting Officer/Procuring Contracting Officer |
| PL | – | Public Law |
| PPIMS | – | Past Performance Information Management System |
| QA | – | Quality Assurance |
| QA&I | – | Quality Assessment & Improvement |
| QC | – | Quality Control |
| RFQ | – | Request for Quote |
| RPO | – | Radiation Protection Officer |
| SF | – | Standard Form |
| SOW | – | Statement of Work |
| TAB | – | Therapeutic Agents Board |
| USPS | – | United States Postal Service |

3. GOVERNMENT FURNISHED ITEMS.

3.1. The Government will provide use of all available facilities, services and equipment required for contract performance. The HCP shall keep Government furnished supplies, equipment, and work areas in a safe, orderly and clean condition. The Government will provide administrative support, dictation, receptionist, scheduling, patient

chaperons, etc. Adm inistrative support is a shared function am ong clinic staff. The HCP shall notify the COR whenever m aintenance of equipm ent is required. The Governm ent will furnish heat, air conditioning, electricity, water and sewer services, Governm ent-related telephone service, refuse collection and custodial services. Personal long distance calls are not authorized and the cost of all personal long distance calls m ade will be deducted from the Contractor's invoice.

3.2. Em ergency Em ployee Healthcare. The M TF will provide Em ergency health care for injuries occurring while on duty. The HCP shall reim burse for services received unless the HCP is otherwise authorized to receive such services at no cost (e.g., is retired m ilitary or is a m ilitary dependent).

3.3. Any space used by contract HCPs in perform ance of this task order m ay be used for other purposes during their absence. Item s of clothing, personal effects, or equipm ent m ay not be able to be secured at all locations. The Governm ent will not incur any liability for theft, dam age to, or loss of such personal item s.

3.4. The contractor shall coordinate with the COR in obtaining an identification badge and vehicle decal. The contractor shall wear the identification badge in accordance with M TF policy. The contractor shall surrender both identification badge and vehicle decal to the COR on his/her last contracted day of duty at the M TF.

4. CONTRACTOR FURNISHED ITEM S. – None

5. SPECIFIC TASKS. Upon prescription by a physician and in accordance with hospital policy shall be responsible to perform and/or m anage duties, including but not lim ited to the following:

1. Extracorporeal/cardiopulm onary support
2. Intraaortic balloon counterpulsations
3. Circulatory Support/V AD support
4. ECM O
5. Blood conservation/autotransfusion
6 M yocardial preservation
7. Anticoagulation and hem atologic m onitoring/analysis
8. Physiological m onitoring/analysis
9. Blood gas and blood chem istry m onitoring/analysis
10 .Induction of hypotherm ia/hypertherm ia with reversal
11. H em odilution
12. H em ofiltration
13. Adm inistration of m edication, blood com ponents and anesthetics via the extracorporeal circuit
14. D ocum entation associated with described duties
15 .Isolated lim b/organ perfusion
16. Electrophysiologic analysis
17. O rgan preservation

Additionally, the perfusionist shall:

a. Attend weekly pre-operative conferences in order to coordinate the week's procedures or be briefed by the Chief, Cardiothoracic Surgery Service or his designated representative of scheduled procedures. At this conference the patient's m edical condition will be discussed. The type of open heart procedure to be perform ed, types of equipm ent and supplies to be used during the procedures and the phases of perfusion (i.e., m aintained patient tem perature, arterial pressures, and other phases not covered by norm al perfusion) will be determ ined.

b. The Contractor shall perform all necessary duties with respect to the preparation and operation of the heart lung m achine, intra-aortic balloon pum ps, and other related extracorporeal apparatus. Such duties shall include but are not lim ited to:

(1) Prepare, including preoperative inspections and checks, ordering meds, operate the Heart-Lung machine, intra-aortic balloon pumps, and other related extracorporeal apparatus with the appropriate modifications and adaptations thereof so as to be compatible with the patients size, cardiac pathology, physiological status of the cardiovascular system, degree of illness and the related surgical/technical problems. Pre-operative equipment checks will be performed by the primary perfusionist prior to initiation of cardiopulmonary bypass.

(2) Operate such machines, pumps, and apparatus during the necessary surgical procedure under the proper aseptic techniques appropriate to institute and maintain total body perfusion of patients during surgical procedures using extracorporeal circulation.

(3) Maintain constant surveillance of such machines, pumps and apparatus in relation to the physical and chemical changes produced in the patients vascular system by obtaining blood samples during the appropriate phase of perfusion for the purpose of making pH, pCO2, PO2 and acid base equilibrium determinations and such other tests as may be required during the procedure.

(4) Administer appropriate medications via the heart-lung machine when required.

(5) Maintain the physiological state of the patient while on the heart-lung machine.

(6) Operate an intra-aortic balloon pump if the patient cannot be weaned from the heart-lung machine. Patient may be required to be maintained on the heart-lung machine for long term support.

(7) Operate a centrifuge pump when patients do not respond to the aortic pump and are in left or right heart failure.

(8) Operate a cell saver machine, a heparin assay machine and a ACT machine to determine heparin levels and monitor coagulation status.

(9) Administer blood and crystalliod cardioplegia solution via the heart-lung machine, as required.

(10) Maintain records of all values and statistics for patient blood flow, temperature, blood gasses, potassium, glucose, hematocrit, ACT, arterial pressure, 'heparin levels and urine output from the pre-operative phases through the end of the post operative phase of the procedure.

(11) Perform appropriate postoperative cleaning of equipment.

(12) The Government will maintain all heart-lung machines, intra-aortic balloon pumps and other related extracorporeal apparatus in good working order and will at no expense to the contractor perform the routine maintenance in accordance with usual and custom any practices on above stated equipment. Should the Perfusionist note any maintenance deficiencies, they shall be reported to the Chief, Cardiothoracic Surgery or his appointed designee immediately.

6. APPLICABLE TECHNICAL ORDERS, SPECIFICATIONS, REGULATIONS, AND MANUALS.

6.1. Government publications and forms applicable to this SOW are listed below.

6.1.1. The Publications have been coded as mandatory or advisory. The HCP is obligated to follow those coded as mandatory only to the extent that they apply to this contract. Supplements, amendments, or changes to these mandatory publications may be issued during the life of the contract. Any such changes to mandatory publications which cause a change in performance or increased cost of perform ance will not be implemented by the HCP unless or until a modification to the contract is negotiated with the HCP. The HCP shall immediately notify the Contracting Officer if any change(s) to mandatory publication causes a change in performance or increased cost of performance.

6.1.2. Current issues of many DA publications can be accessed at http://www.usapa.army.mil/gils/. Current issues of many forms can be accessed at http://www.usapa.army.mil/forms/. Publications and forms not on the internet can be obtained from the MTF.

6.2. Publications:

6.2.1. Mandatory:

Public Law 91-596 29 Dec 70 Occupational Safety and Health Administration

Public Law 104-191 dated 21 Aug 96  Health Insurance Portability and Accountability Act of 1996

Current Edition Joint Commission for Accreditation of Healthcare Organizations (JCAHO) Manual

Applicable MTF Standard Operating Procedures (SOPs) and Policies

| AR 40-1 | Composition, Mission, and Functions of the Army Medical Department |
| AR 40-3 | Medical Services: Medical, Dental, and Veterinary Care |
| AR 40-4 | Army Medical Department Facilities/Activities |
| AR 40-5 | Preventive Medicine |
| AR 40-66 | Medical Records Administration |
| AR 40-68 | Clinical Quality Management |
| AR 40-330 | Rates Codes, Expense and Performance Reporting Systems, Centralized Billing, and Medical Service Accounts. |
| AR 40-407 | Nursing Records and Reports |
| AR 40-501 | Standards of Medical Fitness |
| AR 40-562 | Immunizations and Chemoprophylaxis |
| AR 340-21 | The Army Privacy Program (05 Jul 85) |
| AR 380-53 | Information Systems Security Monitoring |
| AR 380-67 | The Department of the Army Personnel Security Program |
| AR 385-40 | Accident Reporting and Records |
| AR 600-85 | Army Substance Abuse Program (ASAP) |
| MEDCOM Reg. 715-3 | Contractor/Contractor's Employees and MEDCOM Personnel Relationships |

6.2.2. Advisory:

| AR 25-52 | Authorized Abbreviations, Brevity Codes, and Acronyms |

6.3. Contract employees will be informed by the section in which they work of any forms they are required to use in the execution of their duties.

# 7. ADDITIONAL INSTRUCTIONS

## 7.1. HEALTH AND IMMUNIZATION REQUIREMENTS

7.1.1. The HCP shall receive a general physical examination prior to commencement of services at his/her own cost unless otherwise eligible for care in the MTF. Ten (10) calendar days before beginning services under this contract, the HCP shall provide the COR a physical examination certificate. The certification shall state the date on which the physical examination was completed, the name of the physician who performed the examination, and shall indicate whether or not all tests listed below were passed. The physician performing the examination shall sign this certification. For the purposes of this paragraph, a physical examination administered more than 12 months prior to performance of the contract will not be considered adequate. The physical examination shall include the following:

a. Test for the antibody to HIV (Human Immunodeficiency Virus) with documented results of the test.

b. A history to show that the HCP has completed a primary series of immunization with tetanus and diphtheria toxoids and that a booster dose is current (within the past 10 years).

c. A test for immunity to the hepatitis (Type B) virus with documentation of the results. A profile shall be established to show immune status to hepatitis. Non-immune Healthcare Workers (lacking anti-HB (c) or anti-HB (s)) shall be required to complete an immunization series with a Hepatitis-B vaccine (e.g., Recombivax, Engerix).

d. Serologic evidence of immunity to measles and rubella or documentation of immunization with measles, mumps, and rubella (MMR) vaccine using the following guidelines:

1) Employees born before 1957 without documentation of previous vaccination with MMR should receive one dose.

2) Employees born in or after 1957 who have received one dose of MMR previously shall receive one booster dose.

3) Employees born in or after 1957 without documentation of any previous vaccination with MMR should receive two doses of vaccine, separated by no less than one month.

e. Serologic evidence of immunity to varicella or documented history of illness or immunization.

f. For personnel who do not have proof of having completed a primary series, completion with enhanced potency inactivated poliovirus vaccine (eIPV) is recommended. Reliable history of spending early childhood and attending elementary schools in the United States since may suffice as clinical history of polio immunization, but requires physician documentation in the record of the history and examination.

g. The HCP shall be screened before employment and annually for tuberculosis by a tuberculin skin test using the Mantoux technique. (The TINE test is disallowed as a substitute.) A skin test result of 10 mm of induration or more shall be required to have a chest roentgenogram and an evaluation performed. A tuberculin skin test of 10 mm of induration or more will require documentation providing an assessment of the patient (status of infection–active, inactive; need for preventive treatment or not as determined by age, history of BCG (Bacillus Calmette-Guerin) vaccination; duration of skin test positivity, etc).

h. If all of the immunizations and tests set forth in the preceding paragraphs have not been completed, the HCP shall provide a certificate providing evidence of immunizations and tests that have been completed or started and shall provide a schedule for the completion of unfinished immunizations and lab tests. After the schedule is completed, the HCP must provide an updated and complete certificate. Failure to complete the immunizations as

scheduled may be grounds for the Contracting Officer, upon the advice of the MTF commander or his clinical staff, to determine that the HCP is not an acceptable individual to perform services under this contract.

i. The Contracting Officer, with the explicit case-by-case approval of the MTF commander, is empowered to make exceptions to these requirements, for example, in the event of vaccine shortage or bona fide religious exceptions, but nothing herein shall be construed as an imperative or directive upon the Contracting Officer to make such exceptions.

7.1.2. While performing direct healthcare services under this contract, if the HCP experiences a parenteral (e.g., needle-stick or cut) or mucous membrane exposure (e.g., splash to the eye or mouth) to blood or bloody body fluids, the HCP shall receive prompt treatment at his/her own cost. The medical treatment facility (MTF) will evaluate the source of exposure for risk of Hepatitis-B, Hepatitis-C, and Human Immunodeficiency virus (HIV) and will provide a report of the findings to the HCP. It shall be the HCPs responsibility to acquire appropriate treatment as needed to possibly include Tetanus-Diphtheria booster, Immune Globulin, Hepatitis-B vaccine booster, or Hepatitis-B Immune Globulin. The HCP shall be responsible for acquiring initial testing and if the source of exposure was unknown, positive, or considered at high risk for HIV infection, follow-up testing 3, 6, and 12 months after exposure. In the event of a confirmed or highly suspected parenteral exposure to HIV, the HCP is responsible for obtaining appropriate counseling and for consulting private infectious disease specialist for consideration of any postexposure prophylaxis (e.g., AZT). The Government may require the HCP to provide evidence of the status of treatment.

7.1.3. The HCP shall receive the current influenza immunization provided by the MTF during the Fall influenza immunization program unless documented by a physician to be medically contraindicated.

7.1.4. Failure to meet the requirements stated herein, or when test results determine the HCP has a contagious disease, the Contracting Officer may, upon the advice of the MTF commander or his clinical staff, determine that the HCP is not an acceptable individual to perform services under this contract.

7.2. REQUIREMENTS FOR MEDICAL LICENSE/CERTIFICATION AND DRUG ENFORCEMENT ADMINISTRATION (DEA) CERTIFICATE

7.2.1. The HCP shall follow any medical license and DEA certification requirements specified in this contract to perform in military facilities. The HCP shall meet all applicable licensing and certification requirements.

7.2.2. The contract HCP shall possess and maintain a valid, unrestricted license to practice medicine in one of the 50 United States, District of Columbia, Commonwealth of Puerto Rico, Guam, or U.S. Virgin Islands and be able to obtain privileges at the MTF(s) through approval of the Credentials Committee.

7.3. ADP SECURITY REQUIREMENTS.

7.3.1. Since the HCP shall have access to and/or process information requiring protection under the Privacy Act of 1974, these positions are considered "ADP Sensitive" positions. Compliance with DoD Directive 5200.28, DoD 5200.2-R, AR 380-19, and AR 380-67 is mandatory for ADP Sensitive positions. Therefore, a National Agency Check with Inquiries (NACI) is required for the HCP. The HCP shall fully adhere with the provisions of referenced publications by making an appointment (through the COR) with the appropriate security organization at the installation. The HCP will be fingerprinted and required to complete the appropriate forms, usually a Standard Form 85-P, Questionnaire for Public Trust Positions. The HCP is advised that a positive report is needed as a condition of employment under this contract. The HCP shall apply for the NACI within three (3) workdays after start of performance.

7.4. CRIMINAL HISTORY BACKGROUND CHECK REQUIREMENT

7.4.1. A Criminal History Background Check is MANDATORY for those personnel involved in the delivery of healthcare to children under the age of 18 on a frequent and regular basis, and may be required for all healthcare providers in accordance with MTF policy.

7.4.2. The Government will conduct a criminal background check on the HCP in accordance with the procedures set forth in PL 101-647, Section 231; PL 102-190, Section 1094; DoD Directive 5200.28, Enclosure 6, paragraph E6.4.1.2; DoD Directive 5200.2-R; and DODI 1402.5. The HCP is responsible for ensuring background check submittals are initiated in accordance with the MTF procedures prior to providing services at the MTF, and that he/she is properly cleared and meets the requirements of the law. Background checks shall be based on fingerprints of individuals obtained by a law enforcement officer designated by the provost marshal on a properly completed FD Form 258 (FBI US Department of Justice Fingerprint Card) together with SF 85P (Questionnaire for Public Trust Positions), and on inquiries conducted through the Federal Bureau of Investigation (FBI) and State Criminal History Repository check, and a local Installation Record Check if required. The procedures for completing the required background check are outline in the Department of Defense Instruction (DODI) 1402.5, dated January 19, 1993; Subject: Criminal History Background Checks on Individuals In Child Care Services; Enclosure 6, paragraph E6.4, Government Contract Employees. (DODI 1402.5 is available on the Internet at: http://www.dticmil/whs/directives/corres/htm1/14025.htm). Time required for the HCP to be fingerprinted is billable under the contract.

7.4.3. If the contractor has a DoD affiliation such as living or working on an installation within the last 5 years, or is a family member of active duty military, an Installation Record Check (IRC) shall be conducted by DoD Component personnel at the installation level. No IRC is required on individuals without DoD affiliation. Upon favorable completion of the IRC, an individual may be selected to provide services to a minor child under line-of-sight supervision (LOSS) until the required background checks are completed. Line-of-sight supervision is defined at DODI 1402.5, Enclosure 5.

7.4.4. Personnel may be employed under the contract pending completion of the background checks provided the activity uses line-of-sight supervision while minor children are in the care of that individual. The HCP shall be within line-of-sight supervision of a staff person whose background check has been successfully completed, or is in the presence of the child's parent or guardian.

7.4.5. All clearance requests shall be submitted in accordance with the applicable directives specific to the MTF. The name and address of the MTF security section representative or the COR shall be included in the request as the recipient of the results in accordance with MTF procedures. If neither position exists, the KO shall be designated to receive a copy of the results.

7.4.6. The HCP has the right to obtain a copy of the background check report. The HCP should contact the COR for a copy of the results. The HCP may challenge the accuracy and completeness of the information in the report by contacting the individual identified in the previous paragraph.

7.4.7. If the HCP has previously received a background check, proof of the check shall be provided or a new one obtained. A new investigation is required if a break in service to the Department of Defense results in a time lapse of more than 2 years. Re-verification shall be accomplished every 5 years.

7.4.8. Payment of fees incurred in the conduct of any criminal history background check is the responsibility of the Government.

8.0 HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996, PRIVACY AND SECURITY OF PROTECTED HEALTH INFORMATION (Apr 2005)

(a) Definitions. As used in this clause:

Electronic Protected Health Information has the same meaning as the term "electronic protected health information" in 45 CFR 160.103.

Individual has the same meaning as the term "individual" in 45 CFR 164.501 and shall include a person who qualifies as a personal representative in accordance with 45 CFR 164.502 (g).

Privacy Rule means the Standards for Privacy of Individually Identifiable Health Information at 45 CFR part 160 and part 164, subparts A and E.

Protected Health Information has the same meaning as the term "protected health information" in 45 CFR 164.501, limited to the information created or received by the Contractor from or on behalf of The Government.

Required by Law has the same meaning as the term "required by law" in 45 CFR 164.501.

Secretary means the Secretary of the Department of Health and Human Services or his/her designee.

Security Rule means the Security Standards for the Protection of Electronic Protected Health Information at 45 CFR part 160 and part 164, subpart C.

Terms used, but not otherwise defined, in this Agreement shall have the same meaning as those terms in 45 CFR 160.103 164.103, and 164.304 and 164.501.

(b) The Contractor agrees to not use or further disclose Protected Health Information other than as permitted or required by the Contractor as Required by Law.

(c) The Contractor agrees to use appropriate safeguards to prevent use or disclosure of the Protected Health Information other than as provided for by this Contract. The Contractor agrees to implement administrative, physical, and technical safeguards that reasonably and appropriately protect the confidentiality, integrity and availability of the Electronic Protected Health Information that it creates, receives, maintains, or transmits on behalf of the Government.

(d) The Contractor agrees to mitigate, to the extent practicable, any harmful effect that is known to the Contractor of a use or disclosure of Protected Health Information by the Contractor in violation of the requirements of this Contract.

(e) The Contractor agrees to report to the Government any use or disclosure of the     Protected Health Information not provided for by this Contract. The Contractor agrees to report to the Government any security incident of which it becomes aware.

(f) The Contractor agrees to ensure that any agent, including a subcontractor, to whom it provides Protected Health Information, in any format, that it creates, receives, maintains, or transmits on behalf of the Government, agrees to the same restrictions and conditions that apply through this Contract to the Contractor with respect to such information.

(g) The Contractor agrees to provide access, at the request of the Government, and in the time and manner designated by the Government to Protected Health Information in a Designated Record Set, to the Government or, as directed by the Government, to an Individual in order to meet the requirements under 45 CFR 164.524.

(h) The Contractor agrees to make any amendment(s) to Protected Health Information in a Designated Record Set that the Government directs or agrees to pursuant to 45 CFR 164.526 at the request of the Government or an Individual, and in the time and manner designated by the Government.

(i) The Contractor agrees to make internal practices, books, and records relating to the use and disclosure of Protected Health Information received from, or created or received by the Contractor on behalf of, the Government, available to the Government, or at the request of the Government to the Secretary, in a time and manner designated by the Government or the Secretary, for purposes of the Secretary determining the Government's compliance with the Privacy Rule.

(j) The Contractor agrees to document such disclosures of Protected Health Information and information related to such disclosures as would be required for the Government to respond to a request by an Individual for an accounting of disclosures of Protected Health Information in accordance with 45 CFR 164.528.

(k) The Contractor agrees to provide to the Government or an Individual, in time and manner designated by the Government, information collected in accordance with this Clause of the Contract, to permit the Government to respond to a request by an Individual for an accounting of disclosures of Protected Health Information in accordance with 45 CFR 164.528.

General Use and Disclosure Provisions

Except as otherwise limited in this Agreement, the Contractor may use or disclose Protected Health Information on behalf of, or to provide services to, the Government for the following purposes, if such use or disclosure of Protected Health Information would not violate the Privacy Rule or the Department of Defense Health Information Privacy Regulation if done by the Government: [List Purposes].

Specific Use and Disclosure Provisions

(a) Except as otherwise limited in this Agreement, the Contractor may use Protected Health Information for the proper management and administration of the Contractor or to carry out the legal responsibilities of the Contractor.

(b) Except as otherwise limited in this Agreement, the Contractor may disclose Protected Health Information for the proper management and administration of the Contractor, provided that disclosures are required by law, or the Contractor obtains reasonable assurances from the person to whom the information is disclosed that it will remain confidential and used or further disclosed only as required by law or for the purpose for which it was disclosed to the person, and the person notifies the Contractor of any instances of which it is aware in which the confidentiality of the information has been breached.

(c) Except as otherwise limited in this Agreement, the Contractor may use Protected Health Information to provide Data Aggregation services to the Government as permitted by 45 CFR 164.504 (e) (2) (i) (B).

(d) Contractor may use Protected Health Information to report violations of law to appropriate Federal and State authorities, consistent with 45 CFR 164.502 (j) (1).

Obligations of the Government

Provisions for the Government to Inform the Contractor of Privacy Practices and Restrictions

(a) Upon request, the Government shall provide the Contractor with the notice of privacy practices that the Government produces in accordance with 45 CFR 164.520, as well as any changes to such notice.

(b) The Government shall provide the Contractor with any changes in, or revocation of, permission by Individual to use or disclose Protected Health Information, if such changes affect the Contractor's permitted or required uses and disclosures.

(c) The Government shall notify the Contractor of any restriction to the use or disclosure of Protected Health Information that the Government has agreed to in accordance with 45 CFR 164.522.

Permissible Requests by the Government

The Government shall not request the Contractor to use or disclose Protected Health Information in any manner that would not be permissible under the Privacy Rule if done by the Government, except for providing Data

Aggregation services to the Government and for management and administrative activities of the Contractor as otherwise permitted by this clause.

Termination

(a) Termination. A breach by the Contractor of this clause, may subject the Contractor to termination under any applicable default or termination provision of this Contract.

(b) Effect of Termination.

(1) If this contract has records management requirements, the records subject to the Clause should be handled in accordance with the records management requirements. If this contract does not have records management requirements, the records should be handled in accordance with paragraphs (2) and (3) below.

(2) If this contract does not have record management requirements, except as provided in paragraph (3) of this section, upon termination of this Contract, for any reason, the Contractor shall return or destroy all Protected Health Information received from the Government, or created or received by the Contractor on behalf of the Government. This provision shall apply to Protected Health Information that is in the possession of subcontractors or agents of the Contractor. The Contractor shall retain no copies of the Protected Health Information.

(3) If this contract does not have records management provisions and the Contractor determines that returning or destroying the Protected Health Information is infeasible, the Contractor shall provide to the Government notification of the conditions that make return or destruction infeasible. Upon mutual agreement of the Government and the Contractor that return or destruction of Protected Health Information is infeasible, the Contractor shall extend the protections of this Contract to such Protected Health Information and limit further uses and disclosures of such Protected Health Information to those purposes that make the return or destruction infeasible, for so long as the Contractor maintains such Protected Health Information.

Miscellaneous

(a) Regulatory References. A reference in this Clause to a section in the Privacy Rule means the section as in effect or as amended, and for which compliance is required.

(b) Survival. The respective rights and obligations of Business Associate under the "Effect of Termination" provision of this Clause shall survive the termination of this Contract.

(c) Interpretation. Any ambiguity in this Clause shall be resolved in favor of a meaning that permits the Government to comply with the Privacy Rule and Security Rule.

9.0 ACCOUNTING FOR CONTRACT SERVICES-The Office of the Assistant Secretary of the Army (Manpower & Reserve Affairs) operates and maintains a secure Army data collection site where the contractor will report ALL contractor manpower (including subcontractor manpower) required for performance of this contract. The contractor is required to completely fill in all the information in the form at using the following web address "https://contractormanpower.army.pentagon.mil. The required information includes: (1) Contracting Office, Contracting Officer, Contracting Officer's Technical Representative; (2) Contract number, including task and delivery order number; (3) Beginning and ending dates covered by reporting period; (4) Contractor name, address, phone number, e-mail address, identity of contractor employee entering data; (5) Estimated direct labor hours (including sub-contractor); (6) Estimated direct labor dollars paid this reporting period (including sub-contractor); (7) Total payments (including sub-contractor); (8) Predominant Federal Service Code (FSC) reflecting services provided by contractor (and separate predominant FSC for each sub-contractor if different); (9) Organizational title associated with the Unit Identification Code (UIC) for the Army Requiring Activity (the Army Requiring Activity is responsible for providing the contractor with its UIC for the purposes of reporting this information); (10) Locations where contractor and sub-contractors perform the work (specified by zip code in the United States and nearest City, Country, when in an overseas location, using standardized nomenclature provided on

website); (12) Presence of deployment or contingency contract language, and, (13) Number of contractor and sub-contractor employees deployed in theater this reporting period (by country). As part of its submission, the contractor will also provide the estimated total cost (if any) incurred to comply with this reporting requirement. Reporting period will be the period of performance not to exceed 12 months ending September 30 of each government fiscal year and must be reported by 31 October of each calendar year. The contractor shall notify the Contracting Officer's Representative (COR) by the 5th working day of November whether or not they have completed this report. If the COR is unavailable, the contractor will notify the Contracting Officer.

The following information is provided for the Contractor's use in completing the above report:

Predominant Federal Service Code: Q999
Unit Identification Code for the Army Requiring Activity: W0Q1AA

Reports required under this contract are as follows:

First Report for the Period of Performance of 1 August 2007 through 30 September 2007 is due no later than 31 October 2007.
Second Report for the Period of Performance of 1 October 2007 through 30 September 2008 is due no later than 31 October 2008.
Third Report for the Period of Performance of 1 October 2008 through 30 September 2009 is due no later than 31 October 2009.
Fourth Report for the Period of Performance of 1 October 2009 through 30 June 2010 is due no later than 31 October 2010.

ACCOUNTING AND APPROPRIATION DATA

AA : 9770130188107474378477002 5GW O2562N7T178W 68M X 37073N 7G 1T178N 7005015
AMOUNT : $138,000.00
CIN W 68MX37073N7G 10001AA : $138,000.00

CLAUSES INCORPORATED BY REFERENCE

| | | |
|---|---|---|
| 52.204-9 | Personal Identity Verification of Contractor Personnel | NOV 2006 |
| 52.212-4 | Contract Terms and Conditions–Commercial Items | FEB 2007 |

ADDENDUM TO 52.212-4
ADDENDUM TO 52.212-4 Contract Terms and Conditions– Commercial Items

Addendum to paragraph 52.212-4 (c):

UNILATERAL MODIFICATIONS

1. The Contracting Officer may unilaterally reduce and de-obligate any quantities not supplied/performed at the end of the base contract period, and at the end of each option period if applicable.

2. The Government may make unilateral modifications considered administrative in nature. These include, but are not limited to, changes in the accounting and appropriation data, payment and issuing office addresses, and other corrections that have no effect on the terms and conditions of the contract.

(End of Addendum to 52.212-4 paragraph (c))

Addendum to 52.212-4 (g)

Invoice.

ARMY ELECTRONIC INVOICING INSTRUCTIONS (FEB 2006)

Contractor shall submit payment request every two weeks using the following method (s) as mutually agreed to by the Contractor, the Contracting Officer, the contract administration office, and the payment office as indicated below. If the vendor takes exception to the method shown below, the vendor shall notify the contracting officer at the time the offer/quote is submitted. The Contracting Officer will not treat the objection as a counter-proposal.

| | |
|---|---|
| __X__ | Wide Area Work flow (WAW F) (see instructions below) |
| _____ | Web Invoicing System (WInS) (https://ecweb.dfas.mil) |
| _____ | American National Standards Institute (ANSI) X 12 electronic data interchange (ESI) formats (http://www.dfas.mil/ecedi) |
| _____ | Other (Please specify)_____ |

DFAS POC: DFAS Rome Vendor Pay

Phone: 800-553-0527

WAW F is the preferred method to electronically process vendor request for payment. This application allows DOD vendors to submit and track Invoices and Receipt/Acceptance documents electronically. Contractors electing to use WAW F shall (i) register to use WAW F at https://waw f.eb.mil and (ii) ensure an electronic business point of contact (POC) is designated in the Central Contractor Registration site at http://www.ccr.gov within ten (10) calendar days after award of this contract/order.

WAW F Instructions:

Questions concerning payments should be directed to the Defense Finance and Accounting Service (DFAS) identified in Block 18a of SF 1449. Please have your purchase order/contract number ready when calling about payments. You can easily access payment and receipt information using the DFAS web site at http://www.dfas.mil/money/vendor. Your purchase order/contract number or invoice number will be required to inquire about the status of your payment. The following codes and information will be required to assure successful flow of WAW F documents.

TYPE OF DOCUMENT – VENDOR WILL SUBMIT INVOICE INTO WAW F AS INDICATED BELOW:

| | |
|---|---|
| _____ | Commercial Item Financing |
| _____ | Construction Invoice (Contractor Only) |
| _____ | Invoice (Contractor Only) |
| _____ | Invoice and Receiving Report (COMBO) |
| __X__ | Invoice as 2-in-1 |
| _____ | Performance Based Payment (Government Only) |
| _____ | Progress Payment (Government Only) |
| _____ | Cost Voucher (Government Only) |

_____  <u>Receiving Report</u> (Government Only)

_____  <u>Receiving Report with Unique Identification (UID) Data</u> (Government Only)

*UID is a new globally unique "part identifier" containing data elements used to track DoD parts through their life cycle.

_____  <u>Summary Cost Voucher</u> (Government Only)

CAGE CODE:                    <u>SEE BLOCK 17A OF SF 1449</u>

ISSUE BY DODAAC:              <u>SEE BLOCK 9 OF SF 1449</u>

ADMIN BY DODAAC:             <u>SEE BLOCK 16 OF SF 1449</u>

INSPECT BY DODAAC:           <u>SEE BLOCK 15 OF SF 1449</u>

ACCEPT BY DODAAC:            <u>SEE BLOCK 15 OF SF 1449</u>

SHIP TO DODAAC:              <u>SEE BLOCK 15 OF SF 1449</u>

LOCAL PROCESSING OFFICE DODAAC:   <u>NOT USED. IF REQUIRED BY WAWF ENTER DODAAC</u>
<u>FROM BLOCK 15 OF SF 1449</u>

PAYMENT OFFICE FISCAL STATION CODE:   <u>SEE BLOCK 18A OF SF 1449</u>

When submitting invoices via WAWF, the contractor shall ensure that the Receiver and the Acceptor are notified that an invoice is pending by initially loading their email addresses in the record for the contract and selecting them for notification each time an invoice is submitted. Email addresses for the following positions will be provided apart from this clause at the time distribution of the contract is made:

    INSPECTOR:
    ACCEPTOR:
    RECEIVING OFFICE POC:
    CONTRACT ADMINISTRATOR:
    CONTRACTING OFFICER:
    ADDITIONAL CONTACT:

For more information contact: <u>SEE BLOCK 16 OF SF 1449 FOR THE CONTRACT SPECIALIST AND BLOCK</u>
<u>31B OF SF 1449 FOR THE CONTRACTING OFFICER.</u>


(End of Addendum to 52.212-4 paragraph (g))


<u>ADDENDUM TO 52.212-4</u>

    (A) DELETIONS TO 52.212-4: (l), (m)

    (B) REPLACEMENTS TO 52.212-4

FAR 52.249-12 TERMINATION (PERSONAL SERVICES) replaces 52.212-4 (l) and (m).


CLAUSES INCORPORATED BY REFERENCE


| 52.224-1 | Privacy Act Notification | APR 1984 |
| 52.224-2 | Privacy Act | APR 1984 |
| 252.201-7000 | Contracting Officer's Representative | DEC 1991 |
| 252.232-7010 | Levies on Contract Payments | DEC 2006 |

CLAUSES INCORPORATED BY FULL TEXT

52.212-5    CONTRACT TERMS AND CONDITIONS REQUIRED TO IMPLEMENT STATUTES OR EXECUTIVE ORDERS—COMMERCIAL ITEMS (JUN 2007)

(a) The Contractor shall comply with the following Federal Acquisition Regulation (FAR) clauses, which are incorporated in this contract by reference, to implement provisions of law or Executive orders applicable to acquisitions of commercial items:

(1) 52.233-3, Protest After Award (AUG 1996) (31 U.S.C. 3553).

(2) 52.233-4, Applicable Law for Breach of Contract Claim (OCT 2004) (Pub. L. 108-77, 108-78).

(b) The Contractor shall comply with the FAR clauses in this paragraph (b) that the contracting officer has indicated as being incorporated in this contract by reference to implement provisions of law or Executive orders applicable to acquisitions of commercial items:

[Contracting Officer shall check as appropriate.]

_X__ (1) 52.203-6, Restrictions on Subcontractor Sales to the Government (Sep 2006), with Alternate I (Oct 1995) (41 U.S.C. 253g and 10 U.S.C. 2402).

___ (2) 52.219-3, Notice of Total HUBZone Set-Aside (Jan 1999) (15 U.S.C. 657a).

___ (3) 52.219-4, Notice of Price Evaluation Preference for HUBZone Small Business Concerns (Jul 2005) (if the offeror elects to waive the preference, it shall so indicate in its offer) (15 U.S.C. 657a).

___ (4) [Reserved]

___ (5) (i) 52.219-6, Notice of Total Small Business Aside (June 2003) (15 U.S.C. 644).

___ (ii) Alternate I (Oct 1995) of 52.219-6.

___ (iii) Alternate II (Mar 2004) of 52.219-6.

___ (6) (i) 52.219-7, Notice of Partial Small Business Set-Aside (June 2003) (15 U.S.C. 644).

___ (ii) Alternate I (Oct 1995) of 52.219-7.

___ (iii) Alternate II (Mar 2004) of 52.219-7.

___ (7) 52.219-8, Utilization of Small Business Concerns (May 2004) (15 U.S.C. 637 (d) (2) and (3)).

___ (8) (i) 52.219-9, Small Business Subcontracting Plan (Sep 2006) (15 U.S.C. 637 (d) (4)).

___ (ii) Alternate I (Oct 2001) of 52.219-9.

___ (iii) Alternate II (Oct 2001) of 52.219-9.

___ (9) 52.219-14, Limitations on Subcontracting (Dec 1996) (15 U.S.C. 637 (a) (14)).

___ (10) 52.219-16, Liquidated Damages- Subcontracting Plan (Jan 1999) (15 U.S.C. 637 (d) (4) (F) (i)).

___ (11) (i) 52.219-23, Notice of Price Evaluation Adjustment for Small Disadvantaged Business Concerns (Sep 2005) (10 U.S.C. 2323) (if the offeror elects to waive the adjustment, it shall so indicate in its offer).

___ (ii) Alternate I (June 2003) of 52.219-23.

___ (12) 52.219-25, Small Disadvantaged Business Participation Program— Disadvantaged Status and Reporting (Oct 1999) (Pub. L. 103-355, section 7102, and 10 U.S.C. 2323).

___ (13) 52.219-26, Small Disadvantaged Business Participation Program— Incentive Subcontracting (Oct 2000) (Pub. L. 103-355, section 7102, and 10 U.S.C. 2323).



____ (14) 52.219-27, Notice of Total Service-Disabled Veteran-Owned Small Business Set-Aside (May 2004) (15 U.S.C. 657 f).

__X__ (15) 52.219-28, Post Award Small Business Program Rerepresentation (June 2007) (15 U.S.C. 632 (a)(2)).

__X__ (16) 52.222-3, Convict Labor (June 2003) (E.O. 11755).

__X__ (17) 52.222-19, Child Labor–Cooperation with Authorities and Remedies (Jan 2006) (E.O. 13126).

__X__ (18) 52.222-21, Prohibition of Segregated Facilities (Feb 1999).

__X__ (19) 52.222-26, Equal Opportunity (Mar 2007) (E.O. 11246).

__X__ (20) 52.222-35, Equal Opportunity for Special Disabled Veterans, Veterans of the Vietnam Era, and Other Eligible Veterans (Sep 2006) (38 U.S.C. 4212).

__X__ (21) 52.222-36, Affirmative Action for Workers with Disabilities (Jun 1998) (29 U.S.C. 793).

__X__ (22) 52.222-37, Employment Reports on Special Disabled Veterans, Veterans of the Vietnam Era, and Other Eligible Veterans (Sep 2006) (38 U.S.C. 4212).

__X__ (23) 52.222-39, Notification of Employee Rights Concerning Payment of Union Dues or Fees (Dec 2004) (E.O. 13201).

____ (24) (i) 52.223-9, Estimate of Percentage of Recovered Material Content for EPA-Designated Products (Aug 2000) (42 U.S.C. 6962 (c)(3)(A)(ii)).

____ (ii) Alternate I (Aug 2000) of 52.223-9 (42 U.S.C. 6962 (i)(2)(C)).

____ (25) 52.225-1, Buy American Act–Supplies (June 2003) (41 U.S.C. 10a–10d).

____ (26) (i) 52.225-3, Buy American Act–Free Trade Agreements – Israeli Trade Act (Nov 2006) (41 U.S.C. 10a–10d, 19 U.S.C. 3301 note, 19 U.S.C. 2112 note, Pub. L. 108-77, 108-78, 108-286, and 109-169).

____ (ii) Alternate I (Jan 2004) of 52.225-3.

____ (iii) Alternate II (Jan 2004) of 52.225-3.

____ (27) 52.225-5, Trade Agreements (Nov 2006) (19 U.S.C. 2501, et seq., 19 U.S.C. 3301 note).

____ (28) 52.225-13, Restrictions on Certain Foreign Purchases (Feb 2006) (E.O.s, proclamations, and statutes administered by the Office of Foreign Assets Control of the Department of the Treasury).

____ (29) 52.226-4, Notice of Disaster or Emergency Area Set-Aside (42 U.S.C. 5150).

____ (30) 52.226-5, Restrictions on Subcontracting Outside Disaster or Emergency Area (42 U.S.C. 5150).

____ (31) 52.232-29, Terms for Financing of Purchases of Commercial Items (Feb 2002) (41 U.S.C. 255 (f), 10 U.S.C. 2307 (f)).

____ (32) 52.232.30, Installment Payments for Commercial Items (Oct 1995) (41 U.S.C. 255 (f), 10 U.S.C. 2307 (f)).

__X__ (33) 52.232-33, Payment by Electronic Funds Transfer–Central Contractor Registration (Oct. 2003) (31 U.S.C. 3332).

____ (34) 52.232-34, Payment by Electronic Funds Transfer–Other Than Central Contractor Registration (May 1999) (31 U.S.C. 3332).

____ (35) 52.232-36, Payment by Third Party (May 1999) (31 U.S.C. 3332).

____ (36) 52.239-1, Privacy or Security Safeguards (Aug 1996) (5 U.S.C. 552a).

____ (37) (i) 52.247-64, Preference for Privately Owned U.S.-Flag Commercial Vessels (Feb 2006) (46 U.S.C. Appx 1241 (b) and 10 U.S.C. 2631).

____ (ii) Alternate I (Apr 2003) of 52.247-64.

(c) The Contractor shall comply with the FAR clauses in this paragraph (c), applicable to commercial services, that the Contracting Officer has indicated as being incorporated in this contract by reference to implement provisions of law or executive orders applicable to acquisitions of commercial items:

[Contracting Officer check as appropriate.]

____ (1) 52.222-41, Service Contract Act of 1965, as Amended (Jul 2005) (41 U.S.C. 351, et seq.).

____ (2) 52.222-42, Statement of Equivalent Rates for Federal Hires (May 1989) (29 U.S.C. 206 and 41 U.S.C. 351, et seq.).

____ (3) 52.222-43, Fair Labor Standards Act and Service Contract Act—Price Adjustment (Multiple Year and Option Contracts) (Nov 2006) (29 U.S.C. 206 and 41 U.S.C. 351, et seq.).

____ (4) 52.222-44, Fair Labor Standards Act and Service Contract Act—Price Adjustment (Feb 2002) (29 U.S.C. 206 and 41 U.S.C. 351, et seq.).

(d) Comptroller General Examination of Record. The Contractor shall comply with the provisions of this paragraph (d) if this contract was awarded using other than sealed bid, is in excess of the simplified acquisition threshold, and does not contain the clause at 52.215-2, Audit and Records—Negotiation.

(1) The Comptroller General of the United States, or an authorized representative of the Comptroller General, shall have access to and right to examine any of the Contractor's directly pertinent records involving transactions related to this contract.

(2) The Contractor shall make available at its offices at all reasonable times the records, materials, and other evidence for examination, audit, or reproduction, until 3 years after final payment under this contract or for any shorter period specified in FAR Subpart 4.7, Contractor Records Retention, of the other clauses of this contract. If this contract is completely or partially terminated, the records relating to the work terminated shall be made available for 3 years after any resulting final termination settlement. Records relating to appeals under the disputes clause or to litigation or the settlement of claims arising under or relating to this contract shall be made available until such appeals, litigation, or claims are finally resolved.

(3) As used in this clause, records include books, documents, accounting procedures and practices, and other data, regardless of type and regardless of form. This does not require the Contractor to create or maintain any record that the Contractor does not maintain in the ordinary course of business or pursuant to a provision of law.

(e)

(1) Notwithstanding the requirements of the clauses in paragraphs (a), (b), (c) and (d) of this clause, the Contractor is not required to flow down any FAR clause, other than those in paragraphs (i) through (vii) of this paragraph in a subcontract for commercial items. Unless otherwise indicated below, the extent of the flow down shall be as required by the clause—

(i) 52.219-8, Utilization of Small Business Concerns (May 2004) (15 U.S.C. 637 (d) (2) and (3)), in all subcontracts that offer further subcontracting opportunities. If the subcontract (except subcontracts to small business concerns) exceeds $550,000 ($1,000,000 for construction of any public facility), the subcontractor must include 52.219-8 in lower tier subcontracts that offer subcontracting opportunities.

(ii) 52.222-26, Equal Opportunity (Mar 2007) (E.O. 11246).

(iii) 52.222-35, Equal Opportunity for Special Disabled Veterans, Veterans of the Vietnam Era, and Other Eligible Veterans (Sep 2006) (38 U.S.C. 4212).

(iv) 52.222-36, Affirmative Action for Workers with Disabilities (June 1998) (29 U.S.C. 793).

(v) 52.222-39, Notification of Employee rights Concerning Payment of Union Dues or Fees (Dec 2004) (E.O. 13201).

(vi) 52.222-41, Service Contract Act of 1965, as Amended (Jul 2005), flow down required for all subcontracts subject to the Service Contract Act of 1965 (41 U S C .351, et seq.)

(vii) 52.247-64, Preference for Privately-Owned U S . Flag Commercial Vessels (Feb 2006) (46 U S C . Appx 1241 (b) and 10 U S C .2631). Flow down required in accordance with paragraph (d) of FAR clause 52.247-64,

(2) W hile not required, the contractor may include in its subcontracts for commercial item s a m inim al num ber of additional clauses necessary to satisfy its contractual obligations.

(End of Clause)

### 52.217-8    OPTION TO EXTEND SERVICES (NOV 1999)

The G overnm ent may require continued perform ance of any services within the lim its and at the rates specified in the contract. These rates may be adjusted only as a result of revisions to prevailing labor rates provided by the Secretary of Labor. The option provision may be exercised m ore than once, but the total extension of perform ance hereunder shall not exceed 6 m onths. The Contracting O fficer may exercise the option by written notice to the Contractor w ithin 30 days  (insert the period of tim e within which the Contracting O fficer may exercise the option).

(End of clause)

### 52.217-9    OPTION TO EXTEND THE TERM OF THE CONTRACT (MAR 2000)

(a) The G overnm ent may extend the term  of this contract by written notice to the Contractor within 15 days prior to the expiration of the current contract period; provided that the G overnm ent gives the Contractor a prelim inary written notice of its intent to extend at least 30 days prior to expiration of the contract. The prelim inary notice does not comm it the G overnm ent to an extension.

(b) If the G overnm ent exercises this option, the extended contract shall be considered to include this option clause.

(c) The total duration of this contract, including the exercise of any options under this clause, shall not exceed 3 years, six m onths..
(End of clause)

### 52.249-12    TERM INATION (PERSONAL SERVICES) (APR 1984)

The G overnm ent may term inate this contract at any tim e upon at least 15 days' written notice by the Contracting O fficer to the Contractor. The Contractor, with the written consent of the Contracting O fficer, m ay term inate this contract upon at least 15 days' written notice to the Contracting O fficer.

(End of clause)

### 52.252-2    CLAUSES INCORPORATED BY REFERENCE (FEB 1998)

This contract incorporates one or more clauses by reference, with the same force and effect as if they were given in full text. Upon request, the Contracting Officer will make their full text available. Also, the full text of a clause may be accessed electronically at this/these address(es):

http://www.acquisition.gov/comp/far/index.htm
http://farsite.hill.af.mil/

(End of clause)

252.212-7001 CONTRACT TERMS AND CONDITIONS REQUIRED TO IMPLEMENT STATUTES OR EXECUTIVE ORDERS APPLICABLE TO DEFENSE ACQUISITIONS OF COMMERCIAL ITEMS (APR 2007)

(a) The Contractor agrees to comply with the following Federal Acquisition Regulation (FAR) clause which, if checked, is included in this contract by reference to implement a provision of law applicable to acquisitions of commercial items or components.

   _X__ 52.203-3, Gratuities (APR 1984) (10 U.S.C. 2207).

(b) The Contractor agrees to comply with any clause that is checked on the following list of Defense FAR Supplement clauses which, if checked, is included in this contract by reference to implement provisions of law or Executive orders applicable to acquisitions of commercial items or components.

   (1) ____ 252.205-7000, Provision of Information to Cooperative Agreement Holders (DEC 1991) (10 U.S.C. 2416).

   (2) ____ 252.219-7003, Small Business Subcontracting Plan (DoD Contracts) (APR 2007) (15 U.S.C. 637).

   (3) ____ 252.219-7004, Small Business Subcontracting Plan (Test Program) (APR 2007) (15 U.S.C. 637 note).

   (4) ____ 252.225-7001, Buy American Act and Balance of Payments Program (JUN 2005) (41 U.S.C. 10a-10d, E.O. 10582).

   (5) ____ 252.225-7012, Preference for Certain Domestic Commodities (JAN 2007) (10 U.S.C. 2533a).

   (6) ____ 252.225-7014, Preference for Domestic Specialty Metals (JUN 2005) (10 U.S.C. 2533a).

   (7) ____ 252.225-7015, Restriction on Acquisition of Hand or Measuring Tools (JUN 2005) (10 U.S.C. 2533a).

   (8) ____ 252.225-7016, Restriction on Acquisition of Ball and Roller Bearings (MAR 2006) (Section 8065 of Public Law 107-117 and the same restriction in subsequent DoD appropriations acts).

   (9) ____ 252.225-7021, Trade Agreements (MAR 2007) (19 U.S.C. 2501-2518 and 19 U.S.C. 3301 note).

   (10) ____ 252.225-7027, Restriction on Contingent Fees for Foreign Military Sales (APR 2003) (22 U.S.C. 2779).

   (11) ____ 252.225-7028, Exclusionary Policies and Practices of Foreign Governments (APR 2003) (22 U.S.C. 2755).

   (12) (i) ____ 252.225-7036, Buy American Act—Free Trade Agreements—Balance of Payments Program (MAR 2007) (41 U.S.C. 10a-10d and 19 U.S.C. 3301 note).

(ii) ____ Alternate I (OCT 2006) of 252.225-7036.

(13) ____ 252.225-7038, Restriction on Acquisition of Air Circuit Breakers (JUN 2005) (10 U.S.C. 2534(a)(3)).

(14) ____ 252.226-7001, Utilization of Indian Organizations, Indian-Owned Economic Enterprises, and Native Hawaiian Small Business Concerns (SEP 2004) (Section 8021 of Pub.L. 107-248 and similar sections in subsequent DoD appropriations acts).

(15) ____ 252.227-7015, Technical Data—Commercial Items (NOV 1995) (10 U.S.C.2320).

(16) ____ 252.227-7037, Validation of Restrictive Markings on Technical Data (SEP 1999) (10 U.S.C.2321).

(17) _X_ 252.232-7003, Electronic Submission of Payment Requests (MAR 2007) (10 U.S.C.2227).

(18) ____ 252.237-7019, Training for Contractor Personnel Interacting with Detainees (SEP 2006) (Section 1092 of Public Law 108-375).

(19) ____ 252.243-7002, Requests for Equitable Adjustment (MAR 1998) (10 U.S.C.2410).

(20)(i) ____ 252.247-7023, Transportation of Supplies by Sea (MAY 2002) (10 U.S.C.2631).

(ii) ____ Alternate I (MAR 2000) of 252.247-7023.

(iii) ____ Alternate II (MAR 2000) of 252.247-7023.

(iv) ____ Alternate III (MAY 2002) of 252.247-7023.

(21) ____ 252.247-7024, Notification of Transportation of Supplies by Sea (MAR 2000) (10 U.S.C.2631).

(c) In addition to the clauses listed in paragraph (e) of the Contract Terms and Conditions Required to Implement Statutes or Executive Orders—Commercial Items clause of this contract (FAR 52.212-5), the Contractor shall include the terms of the following clauses, if applicable, in subcontracts for commercial items or commercial components, awarded at any tier under this contract:

(1) 252.225-7014, Preference for Domestic Specialty Metals, Alternate I (APR 2003) (10 U.S.C.2533a).

(2) 252.237-7019, Training for Contractor Personnel Interacting with Detainees (SEP 2006) (Section 1092 of Public Law 108-375).

(3) 252.247-7023, Transportation of Supplies by Sea (MAY 2002) (10 U.S.C.2631).

(4) 252.247-7024, Notification of Transportation of Supplies by Sea (MAR 2000) (10 U.S.C.2631).

(End of clause)

| AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT | | 1. CONTRACT ID CODE J | PAGE OF PAGES | |
|---|---|---|---|---|
| | | | 1 | 2 |

| 2. AMENDMENT/MODIFICATION NO. P00003 | 3. EFFECTIVE DATE 03-Apr-2009 | 4. REQUISITION/PURCHASE REQ. NO. SEE SCHEDULE | 5. PROJECT NO. (If applicable) |
|---|---|---|---|

| 6. ISSUED BY                      CODE | W91YU0 | 7. ADMINISTERED BY  (If other than item 6)       CODE | W91YU0 |
|---|---|---|---|
| WESTERN REGIONAL CONTRACTING OFFICE<br>MADIGAN ARMY MEDICAL CTR<br>9902 LINCOLN ST  MAMC ANNEX<br>TACOMA WA 98431-1110 | | WESTERN REGIONAL CONTRACTING OFFICE<br>POC:  THOMAS A. LAMB<br>9902 LINCOLN STREET<br>253-968-4417<br>TACOMA WA 98431 | |

| 8. NAME AND ADDRESS OF CONTRACTOR  (No., Street, County, State and Zip Code) | | 9A. AMENDMENT OF SOLICITATION NO. |
|---|---|---|
| JOHN W MARKHAM<br><br>4523 SUGAR PINE DRIVE NE<br>CEDAR RAPIDS IA 52402-2221 | | 9B. DATED (SEE ITEM 11) |
| | X | 10A. MOD. OF CONTRACT/ORDER NO.<br>W91YU0-07-C-0010 |
| CODE   43V43 | FACILITY CODE | X | 10B. DATED (SEE ITEM 13)<br>31-Jul-2007 |

| 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS |
|---|

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offer ☐ is extended, ☐ is not extended.

Offer must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended by one of the following methods:
(a) By completing Items 8 and 15, and returning _____ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

| 12. ACCOUNTING AND APPROPRIATION DATA (If required) |
|---|
| **See Schedule** |

| 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS.<br>IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14. | |
|---|---|
| | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO:  (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
| X | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(B). |
| | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| | D. OTHER (Specify type of modification and authority) |

E. IMPORTANT:  Contractor [X] is not, ☐ is required to sign this document and return _____ copies to the issuing office.

| 14. DESCRIPTION OF AMENDMENT/MODIFICATION  (Organized by UCF section headings, including solicitation/contract subject matter where feasible.) |
|---|
| Modification Control Number:  da13c15095633<br><br>A)  The purpose of this modification is to add Informational CLIN 200102, which provides the correct accounting data for CLIN 2001 and SubCLINs 2001AA and 2001AB.<br><br>B)  All other terms and conditions remain unchanged. |

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print) | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print)<br>JOANNE FLETCHER / CONTRACTING OFFICER<br>TEL:  253-968-4420          EMAIL:  joanne.fletcher@us.army.mil | |
|---|---|---|
| 15B. CONTRACTOR/OFFEROR<br><br>_____<br>(Signature of person authorized to sign) | 15C. DATE SIGNED | 16B. UNITED STATES OF AMERICA<br><br>BY  *JoAnne Fletcher*<br>(Signature of Contracting Officer) | 16C. DATE SIGNED<br><br>03-Apr-2009 |

EXCEPTION TO SF 30
APPROVED BY OIRM 11-84

30-105-04

STANDARD FORM 30 (Rev. 10-83)
Prescribed by GSA
FAR (48 CFR) 53.243

SECTION SF 30 BLOCK 14 CONTINUATION PAGE

**SUMMARY OF CHANGES**

SECTION SF 1449 - CONTINUATION SHEET

SUPPLIES OR SERVICES AND PRICES

SUBCLIN 200102 is added as follows:

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---------|-------------------|----------|------|-----------|--------|
| 200102 | | | | | $0.00 |
| EXERCISED OPTION | Accounting Data Correction | | | | |
| | FFP | | | | |
| | INFO CLIN ONLY to provide corrected accounting data for CLIN 2001 and SubCLINs 2001AA and 2001AB. CONTRACTOR DO NOT BILL AGAINST THIS CLIN. | | | | |
| | FOB: Destination | | | | |
| | PURCHASE REQUEST NUMBER: W68MX39078N9G1 | | | | |

_____

NET AMT $0.00

ACRN AD                                                                    $147,844.00
CIN: W68MX39078N9G1200102


ACCOUNTING AND APPROPRIATION

Summary for the Payment Office

SUBCLIN 200102:
Funding on SUBCLIN 200102 is initiated as follows:

   ACRN: AD

   CIN: W68MX39078N9G1200102

   Acctng Data: 97901301881074743784770025GWO2565N7T178W68MX39078N9G1T178N7005015

   Increase: $147,844.00

   Total: $147,844.00

SUBCLIN 2001AA:

   AC: 97901301881074743784770025GWO2565N7T178W68MX39077N9G1T178N7005015 (CIN
   W68MX39078N9G12001AA) was decreased by $147,844.00 from $147,844.00 to $0.00

 (End of Summary of Changes)



John W. Markham
4523 Sun Point Dr N.E.
Cedar Rapids, IA 52402

Attn: Clerk's Office
U.S. Courthouse
1717 Pacific Ave, Rm 3100
Tacoma, Washington
98402-3200

U.S. POSTAGE PAID
FCM LG ENV.
CEDAR RAPIDS, IA 52401
MAR 07, 2025

**$9.16**

R2304P119177-19

Retail

98402

RDC 99

FILED        LODGED
RECEIVED

MAR 13 2025

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                          DEPUTY

CERTIFIED MAIL

9589 0710 5270 2322 0779 85