U.S. District Court
Western District of Washington
At Tacoma

John W. Markham,
    Plaintiff

v.

U.S. Dept. of the Army
    et al
    Defendants

Case No.
3:25-CV-05212-BHS

FILED / LODGED
RECEIVED
APR 14 2025
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY         DEPUTY

## Plaintiff's Motion for Summary Judgment

### I. Introduction

Plaintiff John W. Markham moves for summary judgment on the theft of $27,403.00 on his behalf, as there are no disputed issues of material fact or credibility that warrant a hearing on this matter.

### II. Statement of the claim

In March of 2010, $27,403.00 were stolen from my bank account, electronically, from Collins Community Credit Union in Cedar Rapids, Iowa.

### III. Statement of Undisputed Material Facts

a) $27,403.00 were stolen from my bank account, electronically, in March of 2010, from Collins Community Credit Union in Cedar Rapids, Iowa. I have already sent the court a copy of my bank statement which proves the theft. Please let me know if I need to re-send that document.

4-6-'25

[signature]

U.S. District Court
Western District of Washington
at Tacoma

John W. Markham
    plaintiff

v.

U.S. Dept. of the Army et al
    defendants

Case no.
3:25-cv-05212-BHS

Plaintiff's Motion for Summary Judgment

III. Statement of Undisputed Material Facts, continued

b) In November of 2023, the Attorney General of Iowa investigated this theft of $27,403, confirmed the authenticity of my claim, & gave me a current right to sue. Claim # 240781. I had sent this court that document from the AG of Iowa. Please let me know if I need to re-send that document.

IV. Legal Standards

A. Summary Judgment standard

Summary judgment is appropriate if the pleadings, answers to interrogatories, admissions, affidavits & other evidence establish no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See Federal Rules of Civil Procedure, Rule 56. Only disputes over facts that might affect the outcome of the claim under governing law, and not irrelevant or unnecessary factual disputes, will preclude the entry of summary judgment. See Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).

next page →

4-6-'25

John Markham

U.S. District Court
Western District of Washington
At Tacoma

John W. Markham
plaintiff

v.

U.S. Dept. of the Army et. al
defendants

Case No:
3:25-CV-05212-BHS

Plaintiff's Motion for Summary Judgment

IV. Legal Standards

A. Summary Judgment Standard, continued

Material factual disputes include credibility disputes where two or more people have different versions of the relevant event, and the determination of that credibility dispute will affect the outcome of the claim. There is no genuine issue of material fact if the relevant evidence in the record, taken as a whole, indicates that a reasonable fact finder could not return a verdict for the party opposing summary judgment.

When opposing a properly supported motion for summary judgment, a party must respond with specific facts showing that there is a genuine issue of material fact and that the moving party is not entitled to judgment as a matter of law. See Anderson US at 250. An opposing party may not rest upon mere allegations or denials in the pleadings or upon conclusory statements in affidavits; rather, they must go beyond the pleadings and support their contentions with proper documentary evidence. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

next page →

4-6-'25

John W. Markham

U.S. District Court
Western District of Washington
At Tacoma

John W. Markham,
  plaintiff

Case No.
3:25-cv-05212-BHS

v.

U.S. Dept of the Army
  et. al
  defendants

Plaintiff's Motion for Summary Judgment

### IV. Legal Standards
A. Summary Judgment Standard, continued

To defeat summary judgment, a party must show that there is sufficient material evidence supporting the claimed factual dispute to require a fact finder to resolve the parties' differing versions of the truth at trial. Anderson 477 U.S. at 248-9

### V. Analysis

There are no genuine issues of material fact in the matter of the theft of $27,603.00. The undisputed evidence, that of the bank statement & the investigation conducted by the attorney general of Iowa, clearly establishes this crime that warrants restitution of the full amount stolen, with interest and punitive damages as well.

### VI. Conclusion

For the reasons set forth above, the plaintiff respectfully requests that the Judge grant his motion for summary judgment regarding the theft, issue a decision on liability without a hearing and schedule this claim of theft for a pre-hearing conference & hearing to determine what monetary damages and other relief plaintiff should be awarded.

*John W. Markham*
John W. Markham
  plaintiff

4-4-'25