UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN W. MARKHAM,<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE ARMY,<br><br>                Defendant. | CASE NO. C25-5212 BHS<br><br>ORDER |

THIS MATTER is before the Court on Magistrate Judge Grady Leupold's Report and Recommendation (R&R), Dkt. 8, recommending the Court deny pro se plaintiff John Markham's application to proceed *in forma pauperis*, Dkt. 1, because he concedes he has the financial ability to pay the filing fee. He is employed, makes $1500 per month, has some investment income, owns a car and a part of a home, and has $35,000 in savings. Dkt. 8 at 1–2 (citing Dkt. 4 at 1; *see also* Dkt. 1-2).

Judge Leupold Ordered Markham to show cause why his application should not be denied because he has the financial ability to pay the filing fee. Dkt. 5. Markham's response did not dispute he had assets, but asked the Court to consider his request for

ORDER - 1

counsel and the overall cost of the proposed litigation. Dkt. 6. The R&R rejects these arguments and concludes that because he has the financial ability to pay the filing fee, Markham is not entitled to proceed *in forma pauperis*. Dkt. 8.

The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." A person is eligible if they are unable to pay the costs of filing and still provide the necessities of life. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted). The Court allows litigants to proceed *in forma pauperis* only when they have sufficiently demonstrated an inability to pay the filing fee. This generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance. *See, e.g., Ilagan v. McDonald*, 2016 U.S. Dist. LEXIS 79889, at *2 (D. Nev. June 16, 2016) (granting petition based on unemployment and zero income); *Reed v. Martinez*, 2015 U.S. Dist. LEXIS 80629, at *1, 2015 WL 3821514 (D. Nev. June 19, 2015) (granting petition for incarcerated individual on condition that applicant provides monthly payments towards filing fee).

It does not include those whose access to the court system is not blocked by their financial constraints, but rather are in a position of having to weigh the financial constraints pursuing a case imposes. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 686 F. Supp. 385, 388 (N.D. N.Y.), *aff'd*, 865 F.2d 22 (2d Cir. 1988) (denying petition to proceed IFP because petitioner and his wife had a combined annual income of between $34,000 and $37,000).

1     A district judge must determine de novo any part of a magistrate judge's proposed disposition *to which a party has properly objected*. It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection requires "specific written objections to the proposed findings and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2).

    Markham has objected to the R&R. He now contends that this is a qui tam action brought under the False Claims Act, and that plaintiffs in such actions do not have to pay the filing fee. Dkt. 9. Marham's complaint does not assert such a claim. Instead, he claims that Untied States Army wrongfully terminated his employment contract in 2009. He concedes that he already litigated this case in Iowa, and that the Eighth Circuit dismissed his claims based on the applicable statute of limitations. Dkt. 1-1 at 1.

    The R&R it is not clearly erroneous or contrary to law. The R&R is **ADOPTED**. Markham's application to proceed *in forma pauperis* is **DENIED.** He shall pay the filing fee within 14 days, or this matter will be dismissed.

**IT IS SO ORDERED**.

Dated this 20th day of May, 2025.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3